## MILLS v. THE FARMERS' INS. CO.

1. **Insurance:** PAROL EVIDENCE TO VARY TERMS OF POLICY. Parol contemporaneous evidence is not admissible to vary the terms of an insurance policy.

2. —— POLICY ON LIVE STOCK. Where a policy of insurance covers live stock, the company is liable for a horse killed at a place not on the premises specified in the policy, if it was being used by the assured in the ordinary course of business. Following and approving *Peterson* v. *Msss. Valley Ins. Co.*, 24 Iowa, 494.

3. —— Nor will the fact that the horse killed was not owned by the assured when the policy was issued, avoid the liability of the company, if it was subsequently acquired by him in exchange for other horses that were on the premises when the policy was issued.

### *Appeal from Madison Circuit Court.*

#### THURSDAY, OCTOBER 23.

ACTION upon an insurance policy for total of $800, issued by defendant to plaintiff against loss by fire and lightning on frame dwelling, furniture, apparel, etc., and "live stock on premises, $225, situated sec. 7, 76, 27." The plaintiff claims

$200 for one horse owned and kept by him on the said premises, but which was killed by lightning six miles therefrom while plaintiff was driving along the highway going to mill, and driving him with another horse, which was also killed, harnessed to a loaded wagon. At the time of the application for and issuance of the policy, plaintiff did not own the horse in controversy, but had obtained him by means of several trades, in exchange for horses he then had on the premises, and had owned and used and kept the horse there about six weeks. Plaintiff is a farmer, and still lives on the said premises, and was using the horse, when killed, as farmers there ordinarily do. Proof of loss was duly made. The questions arising in the case are sufficiently stated in the opinion. There was a jury trial; verdict and judgment for plaintiff for $150. The defendant appeals.

*Ruby & Murray* for the appellant.

*Leonard, Mott & Leonard* for the appellee.

Cole, J. — I. The defendant, by answer, motions, demurrer, testimony and instructions, severally presented the question, whether it could show, by parol proof, that at the time plaintiff took the policy he was informed that defendant would not be liable thereon unless the stock was injured on the premises; and offered for an additional premium to insure the stock at any and all places. The circuit court *held* that the defendant could not be permitted to so plead or show. The court held correctly, because parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument; and if such fact could not be shown by such proof, it could not properly be pleaded.

II. It was below, and is here, next claimed that the defendant is not liable for the loss, because the horse was killed at a place not on the premises specified in the policy. This court held otherwise in *Peterson* v. *The Miss. V. Ins. Co.*, 24 Iowa, 494. The circuit court followed this former decision, which we approve.

Vol. XXXVII.—51

III. It is further insisted that the defendant is not liable, because the horse killed was not owned by plaintiff when the policy was issued. In analogy to the well-settled rule, that an insurance company is liable for goods purchased and put into the stock after the issuance of a policy upon a stock of goods on certain premises, we hold, as did the learned judge who tried the cause, that the defendant is liable, although the horse was acquired by the plaintiff after the date of the policy, in exchange for other horses then owned by him, and it was killed six miles away from the described premises.

Affirmed.