### John Everett *vs.* Continental Insurance Company.

#### Oct. 8, 1874.

Policy of Insurance—Erroneous Description of Premises.—Action on a policy insuring plaintiff against loss or damage by fire on a certain threshing machine. Upon the facts of the case, *Held*, that certain misdescriptions in the application and policy, as to the place where the machine was located at the time of the application to insure, are to be regarded as resulting from inadvertence and mistake, and not as false or erroneous representations material to the risk.

Application for Fire Insurance—Statement of Location of Article Insured.—A statement, in an application for insurance on a threshing machine, that such machine is located in a certain barn, is not a promissory stipulation on the part of the applicant, or a condition of insurance on the part of the insurer, that such location shall remain unchanged, or, if changed, that while changed the insurance shall cease or be suspended.

Appeal by defendant from a judgment of the district court for Stearns county, entered upon the report of a referee.

*Kerr & Collins*, for appellant.

*H. L. Gordon* and *Hamlin & Searle*, for respondent.

Berry, J. This is an action upon defendant's policy, in-

suring the plaintiff against loss or damage by fire on a certain threshing machine.  In the application for insurance, the machine is described, first, as " on Sec. 36, T. 23, R. 28," and again as "stored in barn on Sec. 36, T. 23, R. 28, owned and insured by L. L. Chaffin."  In the policy, it is described as " threshing machine, S. 36, T. 23, R. 38," reference being made, " for more particular description, to the application."  The undisputed facts are that the barn of L. L. Chaffin was situate on Section 36, T. 33, R. 28, in Sherburne county in this state, and that, at the time of making the application, a part of the machine, (to wit, the separator and trucks,) was in said barn, while the rest was outside of, but within fifteen or twenty rods of, the same, but on said section 36 last mentioned.  There is no tract of land answering the description, S. 36, T. 23, R. 28, or S. 36, T. 23, R. 38, in this state.  It is not pretended that the description was inserted in the application through any intentional or fraudulent misrepresentation on the part of the insured, or with any purpose of deceit.  On the contrary, it appears that the barn was " insured " by defendant's agent, and that at the time when he took the application for insurance of the machine, he knew where it was, from personal observation.  On August 13, 1870, some three or four months after the issue of the policy, the machine was mostly destroyed by fire, while standing in a field upon Section 36, T. 33, R. 28, where it had been in use.  There is no controversy as to the identity of the machine destroyed with the machine insured and intended to be insured, and no pretence that the plaintiff owned any other machine.

The plaintiff claims that the clause " stored in barn, etc.," was fraudulently inserted in the application after he had signed it, and the referee so finds.  The defendant claims that this finding of the referee is not warranted by the evidence.  In our opinion, this matter of fraudulent alteration is of no essential importance.  Strike out the clause spoken of from the application, and upon the facts stated, there can be no room for doubt that the referee was entirely right in

finding that the misdescription in the number of the township in the application, and in the numbers of the township and range in the policy, was "by inadvertence and mistake," and that the intention on both sides was to describe the machine, (according to the fact,) as being upon Sec. 36, T. 33, R. 28.

On the other hand, giving the defendant the benefit of the assumption that the referee is wrong, that the clause referred to was in the application at the time when it was signed by plaintiff, and that it was there with plaintiff's knowledge, and the fact that the misdescription was the result of "inadvertence and mistake," and that the intention of both parties was to represent the machine as being where it in fact was, is made still more apparent than before by the mention of the barn. For the case being one of repugnant calls, the reference to the barn controls, upon the principle that "where more than one description is given, and there is a discrepancy, that description will be adhered to, as to which there is the least likelihood that a mistake could be committed, and that be rejected, in regard to which mistakes are more apt to be made." *Miller* v. *Sherry*, 3 Jones Eq. 24; *Yonkers & N. Y. F. I. Co.* v. *Hoffman F. I. Co.*, 6 Robertson, 316; 2 Washb. R. P. (2d Ed.) 631; 1 Greenl. Ev. § 301, and note. That the barn was on S. 36, T. 33, R. 28, where the machine also was, at the time of the application to insure, as well as of its destruction, there is no dispute. Whether, then, the clause, "stored in barn, etc.," be rejected, or not, the misdescription in the application cannot be regarded as "false or erroneous representations *material* to the risk," (and by the express terms of the policy it is only such false or erroneous representations as are *material* to the risk that will avoid the policy,) or as possessing any practical importance. And we do not understand the defendant's counsel to contend very strenuously to the contrary.

But assuming, as the defendant does, and as we do in defendant's favor, that the clause, "stored in barn on Sec. 36, T. 23, R. 28, owned and insured by L. L. Chaffin," was

properly a part of the application, and that the policy was issued with reference to this clause, the principal defence in the case is that under the terms of the application and policy, the threshing machine was insured only while stored in the barn of L. L. Chaffin.   But this defence is based upon an entire misconception of the effect of the mention, in the application and policy, of the place where the machine was situate at the time of the application, or of the issue of the policy.   The reference, in the application and policy, to the section, town and range, as corrected by the mention of the barn, or by other facts appearing, and the statement that the machine is "stored in barn, etc.," are mere matter of description, operating simply to locate the machine.   One obvious purpose of the location would appear to be the identification of the machine.   In addition, this location might be important, in view of a clause of the policy in reference to increase of risk, a clause upon which, however, no defence is based in this case.   But whatever might have been the purpose of the location of the machine in the application and policy, there is no ground whatever for contending that it was, in letter or in spirit, a promissory stipulation on the part of the insured, or a condition of insurance on the part of the insurer, that this location should remain unchanged, or, if changed, that, while changed, the insurance should cease or be suspended.   *Smith* v. *Mech. & Traders' Ins. Co.*, 32 N. Y. 399, and cases cited; *Blood* v. *Howard Fire Ins. Co.*, 12 Cush. 472; Flanders on Fire Ins. 241, 255, 269, 485.

This disposes of this case, and renders it entirely unnecessary to examine or consider most of the points presented in the briefs of counsel.   It is not insisted that the fact that a part of the machine was not in the barn at the time of the application, but outside, and distant some fifteen to twenty rods, was a "false or erroneous representation material to the risk," such as would avoid the policy according to its own terms, or that it is in any way important.

Judgment affirmed.