EDWARD H. HOLBROOK, JR., *vs.* ST. PAUL FIRE & MARINE
INSURANCE COMPANY.

## August 10, 1878.

**Fire Insurance—Corporation—Partnership.**—The M. L. Co., claiming to be a corporation, and conducting a certain business, took out a policy of insurance upon personal property which it claimed to own. *Held*, that as, if the association was not a corporation, it was in law a partnership, and as such could hold personal property and make contracts in the name it assumed, it is immaterial, so far as concerns the validity of the policy, whether it was, or was not, a corporation.

**Same—Insurable Interest.**—H. agreed to and did advance to the M. L. Co., a specified amount, to enable it to cultivate a farm during the year 1876, and the company executed to him its notes for the amount advanced. As a part of the advance, he purchased and delivered to it a certain number of mules, with the agreement that they were to remain his sole property until the notes should be paid, and that, when paid, the title to the notes should pass to the company. It was authorized to plough with them a specified amount, and, if it desired to plough more, might do so, paying him for the excess at current rates. He had the right to use them in ploughing for himself a specified amount, he to return them to the company in as good condition as when taken by him, and if the notes should not be paid at maturity, he might take possession of and sell them, or so many as might be necessary, and, after paying expenses of keeping and selling, should credit the remainder of the proceeds upon the notes, and if there should be any surplus, pay the same to the company. *Held*, that the company had an insurable interest in the mules.

**Same—Description of situation of property.**—The policy was upon thirty-six mules, "all contained in the two-story framed barn (36x100 ft.) situate (detached) on sec. No. 19, town. No. 140, range No. 43, in Becker county, Minnesota." *Held*, that the words, "all contained in" etc., are merely matter of description for identification of the property insured, and not a warranty that the mules should remain in the barn, nor a condition that the risk should cease if they were taken out of it, following *Everett* v. *Continental Ins. Co.*, 21 Minn. 76.

**Same—Construction of Policy—Use of Property.**—Contracts of insurance are, unless the language forbids it, presumed to be made with reference to the character of the property insured, and to the owner's use of it in the ordinary way, and for the purposes for which such property is ordinarily held and used; and a general condition against increase of risk must be held to refer to the risk incident to such use.

Appeal by defendant from an order of the district court for Ramsey county, *Simons*, J., presiding, refusing a new trial, the action having been tried by the court without a jury.

*Bigelow, Flandrau & Clark* and *Harvey Officer*, for appellant.

*Lochren, McNair & Gilfillan*, for respondent.

GILFILLAN, C. J. Action on a policy of insurance against loss by fire, issued to "The Minnesota Land Company," for $600, upon thirty-six mules, "all contained in the two-story frame barn, (36x100 ft.,) situate (detached) on section No. 19, town No. 140, range No. 43, in Becker county, Minnesota." "Loss, if any, on above, payable to E. H. Holbrook, Jr., as his interest may appear." The Minnesota Land Company appears to be an association which claims to be incorporated by the government of the kingdom of Holland, for the purpose solely of purchasing, clearing and cultivating uncultivated lands in this state, and was in possession of five sections of land lying, three in Becker, and two in Clay county. In cultivating said farm, it was in possession of and using the mules mentioned in the policy. It possessed and used the mules under a contract with Holbrook, by which, in substance, he agreed to advance to it $12,000, or so much thereof as it should need, to procure animals, seed and labor, for putting in and harvesting a crop of small grains upon 1,400 acres of said farm, in the year 1876. The company was to execute, and did execute, its notes for the amounts advanced, and, as a part of such advance, Holbrook agreed to and did purchase and turn over to it a lot of mules and cattle, which were to remain the sole property of Holbrook until the notes should be paid; and, when they were paid, the title to the mules was to pass to and vest in the company. The company had the right to plough 1,000 acres with the mules, and if, after the harvest of 1876, and before the notes were paid, it desired to plough a greater amount, it had the right to do so, paying Holbrook for the use of the mules the current rates for the additional ploughing. Holbrook had the right to use

them in ploughing for himself or others between the first of June and the fifteenth of July, 1876, he to return them to the company in as good condition as when taken by him; and in case the notes, or any of them, should not be paid at maturity, he might take possession of and sell the mules, or so many thereof as might be necessary, and, after paying expenses of keeping and selling, credit the remainder of the proceeds upon the notes, and, if there should be any surplus still remaining, pay the same to the company.

On the section described in the policy, (one of the five composing the farm,) there was a barn, such as therein described; and when the policy was issued, the mules were stabled in that barn.   On another section of the farm, section 13, about two miles distant from the barn, and in the county of Clay, there was a shed.   A short time before the fire, the mules were, for the purpose of ploughing and of repairing the barn, taken to section 13 and stabled in the shed, and while there, the loss occurred.   There was a condition in the policy, that if "the risk be increased by erection or occupation of neighboring buildings, or by any means whatever within the control of the insured, or if the premises become unoccupied without the consent of the company indorsed hereon," the policy should be void.   The court below tried the cause without a jury, and found in favor of plaintiff, and from an order denying a new trial, this appeal is brought.

The defendant makes these points: that the policy is void, because the said company is not a corporation; that, for the same reason, it is incapable of owning property in this state, and, therefore, had no insurable interest in the property insured; that it had no interest in the property, because the contract between it and Holbrook shows that it never owned it; that the policy covered the property only while it was actually contained in the barn; that by the removal of the property from the barn to the shed, the risk was increased, and the policy rendered void.

It is claimed that the said company is not a corporation,

because the government of the kingdom of Holland cannot create a corporation solely to do business in Minnesota. We do not think the question is involved in the case, for the reason that the purchasing and owning of personal property, and contracting for insurance upon it, are not acts requiring corporate powers; any association of individuals, whether a corporation or only a partnership, may own such property and make such contracts, and may adopt and act under a common name for such purpose. This company was doing business under a common name, and all its acts not requiring corporate powers were good, both for it and against it, as a partnership, if it was not a corporation. It was, therefore, immaterial whether it was a corporation or not.

Although the contract between the plaintiff and the company provides that until the payment of its notes the title to the mules and cattle shall remain in the plaintiff, the company had an interest in them. It had a right to possess and use them, with the exception specified in the contract. The plaintiff might, with that exception, take them from the company only upon default in payment of the notes, and then only for the purpose of enforcing such payment by a sale of them; and after such sale, first deducting the expenses, the proceeds were to be credited to the company upon the notes; and if there was any surplus then left, it was to be paid over to the company. The question is not as to the value of the interest, but whether there was any legal interest to sustain the contract of insurance, and to prevent the policy being a mere gambling contract. That there was such an interest in the company under the contract, there can be no doubt.

The claim that the policy covered the mules only while in the barn—that is, that the words in the policy, "all contained in the two-story frame barn, (36x100 ft.,) situate (detached) in section 19, town 140, range 43, in Becker county, Minnesota," limited the risk to the property while actually in the barn, or were a warranty that it should remain in the barn,—

is determined by the decision in *Everett* v. *Continental Ins. Co.*, 21 Minn. 76, in which it was held that a clause with respect to the property insured, (a threshing machine,) "stored in a barn on section 36, town 23, range 28, owned and insured by L. L. Chaffin," was mere matter of description, operating to identify the property, and not a promissory stipulation on the part of the insured, nor a condition of insurance on the part of the insurer, that the location mentioned must remain unchanged, or, if changed, that while changed the insurance should cease or be suspended.   Here the description is in some respects more full than in that case, but it is still, within the principle acted on in that case, only matter of description or identification.   Policies of insurance, unless the language excludes the presumption, must be presumed to be made with reference to the character of the property insured, and to the owner's use of it in the ordinary manner, and for the purposes for which such property is ordinarily held and used.   Where the language is not too explicit to admit of it, the policy, so far as regards the question whether it covers the property when removed from the place where it is described as being at the date of the policy, is to be interpreted upon this presumption.   So, language which, occurring in a policy upon property from its character and in its ordinary use kept permanently and continuously in one place— as a stock of merchandise, or machinery in a building, or household furniture, or things stored—might, perhaps, be held to limit the risk to the property while in the place contained as described by the policy, could not, without defeating the manifest intention of the parties, receive the same interpretation when occurring in a policy upon entirely different property, the real and beneficial enjoyment of which forbids its being kept at all times in one place, such as horses, carriages, farming machinery, etc.

The presumption we have referred to bears not only on the clause describing the location of the property, but also the

condition in reference to an increase of risk. The condition in this policy seems more applicable to insurance on buildings than movable property. The blank used was evidently such as the company usually employed in insuring buildings rather than movable property. But although apparently more applicable to a building than to this kind of property, it must be given effect, if possible, in this policy. As the insurer insures the property while used by the owner in the ordinary way, and for the ordinary purposes for which the property is kept, he assumes all the risk from fire incident to such use, and not merely that incident to the property during a part of the time, or while it may be kept in a particular place. In this case, the mules were used in cultivating a particular farm. The policy covered them while so used, and if the risk might be at times greater in such use than while they might be stabled in the barn, that greater risk is assumed by the company. The condition against increase of risk refers to an increase beyond that which the company assumes—to wit, that ordinarily incident to the use of the mules in the cultivation of the farm. Whether the risk was increased beyond that, is not stated by the court below in its findings.

Order affirmed.