MARY LYONS *vs.* PROVIDENCE WASHINGTON INSURANCE COMPANY.

A policy of insurance against fire was issued on articles of furniture described as " all contained in house No.    McMillen Street, Providence, R. I."

The insured, without the knowledge of the insurer, removed these articles to a house in another street, where they were consumed.

*Held*, that the insured could recover on the policy.

EXCEPTIONS to the Court of Common Pleas.  The facts involved are stated in the opinion of the court.

*Simon S. Lapham*, for the plaintiff in support of the exceptions.

The words in the policy " all contained in house No. McMillen Street " are merely descriptive, and are not a warranty

that the goods insured shall not be moved, especially if a removal does not increase the risk. *Schmidt* v. *Peoria Marine & Fire Ins. Co.* 41 Ill. 295; *Bryan* v. *Peabody Ins. Co.* 8 W. Va. 605; *Everett* v. *Continental Ins. Co.* 21 Minn. 76, and cases cited; 8 Ins. Law Journal, 790, and cases cited; *McCluer* v. *Girard Fire & Marine Ins. Co.* 43 Iowa, 349.

At any event the words can only be considered as a warranty of the state of affairs existing at the time the policy was given; *Gilliat, Trustee,* v. *Pawtucket Mutual Fire Ins. Co.* 8 R. I. 282; and cannot be extended by construction.

*Abraham Payne & John F. Tobey,* for the defendants, *contra.*

The removal of the goods insured from McMillen Street to Power Street without the written assent of the defendant company, terminated the insurance. Phillips on Insurance, § 757; *Eddy Street Iron Foundry* v. *Hampden Ins. Co.* 1 Cliff. 300; *Wood* v. *Hartford Fire Ins. Co.* 13 Conn. 533, 544; *Boynton* v. *Clinton & Essex Ins. Co.* 16 Barb. S. C. 254; *Fowler* v. *Ætna Fire Ins. Co.* 6 Cow. 673; *Wall* v. *East River Ins. Co.* 7 N. Y. 370; *Lycoming Ins. Co.* v. *Updegraff,* 40 Pa. St. 311; *Annapolis & Elkridge R. R.* v. *Baltimore Fire Ins. Co.* 32 Md. 37; *North American Fire Ins. Co.* v. *Throop,* 22 Mich. 146; *Severance* v. *Continental Ins. Co.* 5 Bissell, 156; *Liebenstein* v. *Ætna Ins. Co.* 45 Ill. 303; *Hartford Fire Ins. Co.* v. *Farrish,* 73 Ill. 166. See also *Holbrook* v. *St. Paul Fire & Marine Ins. Co.* 25 Minn. 229, and 8 Insurance Law Journal, 789–796.

*July* 8, 1881. POTTER, J. The plaintiff procured from the defendant a policy of insurance against fire on certain articles of furniture described in the policy as " all contained in house No. McMillen Street, Providence, R. I."

At the time of the fire the articles had been removed and were in another house. The defendants had never been informed of this removal. The plaintiff testified she did not think it was necessary to tell them.

On trial the judge nonsuited the plaintiff on the ground that the contract was that the goods should remain or be in the house on McMillen Street.

The question is were the words we have quoted merely a description of the property insured, or were they intended as a

warranty that the goods should remain in the house where they then were, and that the liability of the company was limited to loss from a fire at that house.

The question seems to us to be how had a person of ordinary intelligence a right to understand it?    And in deciding this it is to be considered that the officers of the companies are men skilled and practised in a particular business, and are supposed to know how to express their meaning and to have used the language they deemed most adapted to the purpose.   It would have been easy to have provided in plain language that the insurance should be void if the goods were removed without their consent or without notice to them from the house where they then were.    The property being household furniture, it would have amounted in the plaintiff's case to an agreement not to change her dwelling-place for five years without the insurers' consent.    Whether it is probable she would have agreed to such a condition, if it had been plainly expressed, it is not necessary to consider.    Was there anything in the language which would lead her to believe the company meant to impose such a condition ?    We think not.

There are many cases where the intention of the parties may be evident that the risk shall be confined to property in a particular building, as where a shopkeeper insures so much on a constantly changing stock of goods at his place of business.    In such a case the property for which the insurers are liable can be ascertained only from the place.    There are other cases where, from the very nature of the property, it must be in the contemplation of the parties that the insured is to have the right to remove it at least temporarily, as in the case of agricultural tools and machinery.

The rule we think is very fairly stated in the case of *Holbrook* v. *St. Paul Fire & Marine Ins. Co.* 25 Minn. 229, cited on the defendants' brief: " Contracts of insurance are presumed, unless the language forbids it, to be made with reference to the character of the property insured, and to the owners' use of it in the ordinary way, and for the purposes for which such property is ordinarily held and used," &c., &c.

In the present case, is it property which in its ordinary use would be expected to remain on the premises for five years?    Had

the defendants a right to suppose that the .plaintiff understood that she was binding herself to keep it there?

They have provided specially that she shall not transfer the title or sell the property without their consent. They might have provided, but did not, that she should not remove it without their consent.                                   *Exceptions sustained.*