MARY LYONS *vs.* PROVIDENCE WASHINGTON INSURANCE COMPANY.

A policy of insurance against fire was issued on articles of furniture described as "all contained in house No.      McMillen Street, Providence, R. I."

The insured, without the knowledge of the insurer, removed these articles to a house in another street, where they were consumed.

*Held,* that the statement of the locality of the furniture was to be construed as a continuing warranty.

*Held,* further, reversing *Lyons* v. *Providence Washington Insurance Company,* 13 R. I. 347, that the insured could not recover.

EXCEPTIONS to the Court of Common Pleas.

*February* 10, 1883.   CARPENTER, J.   The plaintiff proved in the trial of this case in the Court of Common Pleas that she procured from the defendant a policy of insurance against fire, on certain articles of furniture and wearing apparel, described in the policy as " all contained in house No.      McMillen Street, Providence, R. I." ; that at the time of the fire the articles had been removed and were in a house on Power Street, where the fire occurred ; that the defendants had never been informed of the removal ; that she never told them of the removal, and did not think it was necessary to tell them, and that at the time she procured the policy of insurance she owned the house on McMillen Street, in which the articles insured then were.   In this state of the proof the defendant requested the presiding justice to instruct the jury that the permanent removal of the goods insured from the house on McMillen Street to the house on Power Street, without the knowledge and assent of the defendant corporation, terminated the contract of insurance, and that the plaintiff could not recover.   The presiding justice refused such instruction, whereupon a verdict was returned for the plaintiff, and the defendant brings this bill of exceptions.

On a former trial of this case the plaintiff was nonsuited, and on exceptions the case was remanded for a new trial. *Lyons* v. *Providence Washington Insurance Company,* 13 R. I. 347.   On the first trial there was no proof that the house on McMillen Street was owned by the plaintiff, but on the second trial that fact was proved.   The defendant argues that, inasmuch as this

fact was presumably known to the defendant corporation at the time of the issue of the policy, there arises a presumption of intention by the parties to the contract sufficient to distinguish the case now presented from that formerly decided in this action. We do not find it necessary to pass on this question. This bill of exceptions, except for the fact above referred to, is in substance a motion for leave to reargue the exceptions formerly sustained by the court; and we have accordingly considered the whole question anew, both on principle and authority.

There seems to be no doubt that if this question were to be decided on authority, it must be taken as the general rule that all the material statements of the policy of insurance, including statements as to the place in which the insured property is situate, are warranties, and that such warranties must be true and must continue to be true during the whole life of the policy as the condition of any recovery thereunder. *Eddy Street Iron Foundry* v. *Hampden Stock and Mutual Ins. Co.* 1 Cliff. 300 ; *Shertzer* v. *Mutual Fire Ins. Co. of Harford County,* 46 Md. 506 ; *Wall* v. *East River Mutual Ins. Co.* 3 Seld. 370 ; *Hartford Fire Ins. Co.* v. *Farrish,* 73 Ill. 166.

The plaintiff, however, contends that this case comes within an exception to the general rule. The argument is, that inasmuch as the insured property is household and personal effects, and inasmuch as it is matter of common knowledge that certain persons do at times change their place of abode, carrying with them such of their effects as are of the kind here insured, therefore it is to be presumed that the defendant issued the policy in suit with the knowledge and expectation that the plaintiff might make such removal during the term of the insurance, and with the implied agreement that she might make such removal without vitiating the policy. There is, indeed, to be deduced from the cases an exception to the general rule as above stated ; but we do not think that, either in reason or on authority, it goes to the extent claimed by the plaintiff. Briefly stated the rule seems to be that the temporary removal of property, whether occasional or habitual, in pursuance of a use which is a " certain necessary consequence " arising from the character of the property, without any change in the ordinary place of keeping, will be no defence to an action on

the policy.  The reasoning of Lord Mansfield, although in case of marine insurance, applies exactly to this question.  *Pelly* v. *Governor & Company of the Royal Exchange Assurance*, 1 Burr. 341 ; *Holbrook* v. *St. Paul Fire & Marine Ins. Co.* 25 Minn. 229.

The plaintiff further contends that the general rule above laid down is not founded in justice and sound reason, and ought not to be adopted in this case.  The argument is, that no person not learned in the purport of judicial decisions could know or infer that the words of the policy above quoted, which are in appearance merely descriptive, imported a warranty ; and that, therefore, they should not now be so construed.  We cannot agree with this argument.  We must assume that the words of a written instrument conveyed to the minds of the parties to that instrument the meaning and effect which have been imputed to those words by well-established judicial determinations.  Undoubtedly such determinations, if they are to remain as authority, must appear to be based on the words themselves, or on something in the nature, circumstances, or relations of the parties or of the contract.  We think the interpretation of the words of this policy as a warranty is well drawn from the nature of the contract of insurance.  It must be evident to any person who at all considers the nature of that contract that the amount to be charged for premium must vary on consideration of the location of the property to be insured; and but small reflection would be necessary to perceive that the removal of the property to another place might be greatly to the disadvantage of the insurer, although such new place of deposit might not be in itself more exposed to damage from fire, since the result of such removals, if permitted to a considerable extent, might be to expose an undue proportion of his capital to the risks of a single conflagration.

*Exceptions sustained.*

*Simon S. Lapham*, for plaintiff.
*Abraham Payne & John F. Tobey*, for defendant.