RUSSELL S. BRADBURY

*vs.*

FIRE INSURANCE ASSOCIATION OF ENGLAND.

SAME *vs.* NORWICH UNION FIRE INSURANCE SOCIETY.

SAME *vs.* WESTERN ASSURANCE COMPANY.

SAME *vs.* WESTCHESTER FIRE INSURANCE COMPANY.

SAME *vs.* NORTH BRITISH AND MERCANTILE INSURANCE COMPANY.

Androscoggin.     Opinion June 12, 1888.

*Fire insurance.*    " *Contained therein.*"

A fire policy on plaintiff's "frame stable building, occupied by assured as a hack, livery and boarding stable," specifically described; and " on his carriages, sleighs, hacks, horses, harnesses, blankets, robes and whips, contained therein," does not cover damage by fire to the plaintiff's hack, while in a repair shop one-eighth of a mile away, on another street, in the city, without the knowledge or consent of the insurer, for the temporary purpose of being repaired.

ON report.

The opinion states the cases and essential facts.

*George C. and Charles E. Wing*, for plaintiff.

It would be expected that a man having a hack would use it for funerals, weddings, going to places of entertainment generally, hotels, and, if necessary, to repair shops for temporary repairs, and that such a use would not be inconsistent with the contract of insurance. In support of this position we cite, *Lyons* v.

*Providence and Washington Insurance Co.* 13 R. I. 347 ; S. C. 43 Am. Rep. 32 ; also *Holbrook* v. *St. Paul Fire and Marine Ins. Co.* 25 Minn. 229. The court in this case says · " Contracts of insurance are presumed, unless the language forbids it, to be made with reference to the character of the property insured during the owner's use of it in the ordinary way, and for the purposes for which such property is ordinarily held and used," etc., etc.

Again, *The London and Lancaster Fire Ins. Co.* v. *Graves,* Kentucky Court of Appeals, Feb. 21st, 1883. Two buggies were insured against fire and described as contained in a frame building, occupied as a livery stable. These were destroyed by fire while temporarily removed from the building for repairs, and it was held that the insurers were liable. *McClure* v. *Girard Ins. Co.* 43 Iowa, 349 ; *Everett* v. *Continental Ins. Co.* 21 Minn. 76 ; *Longueville* v. *Western Insurance Co.* 51 Iowa, 553. " Briefly stated, the rule seems to be that the temporary removal of property (whether occasional or habitual) in pursuance of a use which is the certain and necessary consequence arising from the character of the property, without any change in the ordinary place of keeping, will be no defence to an action on the policy."

The reasoning of Lord MANSFIELD, allowed in the case of the marine insurance, applies exactly to this question. *Pelly* v. *Governor & Co. and Royal Exchange Assurance,* 1 Burr. 341 ; *Holbrook* v. *St. Paul Fire and Marine Insurance Co.* 25 Minn. 229.

*Nathan and Henry B. Cleaves,* for the defendant in each case, cited : Wood, Insurance, 110 ; Blodgett, Fire Insurance, 22 ; *Wall* v. *East River Mut. Ins. Co.* 7 N. Y. 370 ; *Annapolis R. R. Co.* v. *Baltimore Ins. Co.* 32 Md. 37 (5 Bennett, F. I. Cas. 258) ; *Maryland Fire Ins. Co.* v. *Gusdorf,* 43 Md. 506 (5 Ins. L. J. 384) ; *Lycoming Co.* v. *Updegoff,* 40 Pa. St. 311 (4 Bennett, F. I. C. 565) ; *Prov. & Wor. R. R. Co.* v. *Yonkers Fire Ins. Co.* 10 R. I. 74 ; *Lewis* v. *Springfield Ins. Co.* 10 Gray, 159 ; *Fair* v. *Manhattan Ins. Co.* 112 Mass. 320 ; *Eddy Street Foundry Co.* v. *Hampden S. & M. F. Ins. Co.*

1 Cliff. 306; *Williamsbury City F. Ins. Co.* v. *Cary*, 83 Ills. 453 (6 Ins. L. J. 493); *Leibenstein* v. *Etna Ins. Co.* 45 Ills. 313; *Wood* v. *Hartford Fire Ins. Co.* 13 Conn. 544; *Alexander* v. *Germania Ins. Co.* 66 N. Y. 464.

LIBBEY, J. These actions are on fire policies, and being substantially alike were tried together and come to this court in one report. The first four policies insure a certain sum on the plaintiff's "frame stable building, occupied by assured as a hack, livery and boarding stable, situated on the north side of Court street, Auburn, Maine," and "five hundred dollars on his carriages, sleighs, hacks, hearses, harnesses, blankets, robes and whips contained therein." The fifth does not insure the building, but insures fifteen hundred dollars on the same kinds of personal property "stored in the private frame stable occupied by assured and situated near east side of Main street, Auburn, Maine."

The loss claimed by the plaintiff is for damage by fire to a hack not in his stable named in the policies at the time of the damage, but in a repair shop of one Litchfield, on another street about one-eighth of a mile distant, where it had been removed the day before the fire without the knowledge or consent of the defendant, and it is admitted that the board rate for insurance on Litchfield's repair shop and contents was one per cent more than on the plaintiff's stable on Court street.

The damage to the hack by fire while at Litchfield's shop is admitted, and no question is made as to the sufficiency of the notices. The only contention between the parties is, whether the insurance attached to and followed the plaintiff's carriages, hacks, etc., when removed from his stable to another place for repairs or some other temporary purpose, or was limited to such carriages only as were at or in the stable named at time of loss or damage.

Upon this question there appears some conflict among the authorities. The general rule stated by text writers and held by the general current of decided cases is, that place where the personal property insured is kept is of the essence of the contract, as by that the character of the risk is largely determined,

and the property is covered by the policy only while in the place described. Wood on Ins. p. 110 ; Blodgett on Fire Ins. p. 22 ; *Eddy Street Iron Foundry* v. *The Hampden S. & M. F. Ins. Co.* 1 Cliff. 300 ; *Annapolis & Eldridge R. R. Co.* v. *Baltimore Ins. Co.* 43 Md. 506 ; *Fitchburg R. R. Co.* v. *Charleston M. F. Ins. o.* 7 Gray, 64.

The following cases are cited as establishing an exception to the general rule and as sustaining the plaintiff's contention. *Everett* v. *Continental Ins. Co.* 21 Minn. 76 ; *Holbrook* v. *St. Paul F. & M. Ins. Co.* 25 Minn. 229 ; *McClune* v. *Girard Ins. Co.* 43 Iowa, 349 ; *Longueville* v. *Western Ins. Co.* 51 Iowa, 553 ; *Lyons* v. *Providence Washington Ins. Co.* 13 R. I. 347.

We think a careful examination of all these cases will show that the chattels insured are so described in the policy that they can be identified without reference to the building or place where they were kept, and the courts held that the words "contained in" a certain building, or kept in a certain building or place, was a part only of the description of the chattel, and if from its nature, character or ordinary use, the parties must have understood that it was to be out of the building or place a part of the time in ordinary use, the policy should be held to cover it while so out. This is going to the verge in construing the language used by the parties in a contract, when, ordinarily, it does not bear such meaning. But this case does not appear to us to be within the authority of those cases.

The policies in suit do not insure a particular carriage or hack by any description by which it can be identified without reference to the stable. They do not insure all the plaintiff's carriages, hacks, etc., used in his livery business, contained in the stable described. It cannot be held that they cover only such carriages, hacks, etc., as were contained in the building named at the date of the policies. From the nature of the plaintiff's business, it must have been in the contemplation of the parties that the chattels named might be changed from time to time during the year, some sold, some worn out, some destroyed by accident, and others put in to take their places. The policies are similar

to an insurance of a shop keeper on his stock of goods in his shop, or of a railroad company on its rolling stock on its road, constantly changing. In such case the property insured can be ascertained only from the place of business named. *Lyons* v. *Providence Washington Ins. Co.* 13 R. I. 347; *Eddy Street Iron Foundry* v. *Hampden S. & M. F. Ins. Co.* 1 Cliff. 300; *Ring* v. *Phœnix Assurance Co.* Mass. N. E. R. V. 5, No. 14, p. 387. The policies insure such of the plaintiff's carriages, hacks, etc., as are contained in his stable at the time of loss. We can see no other way of identifying the property covered by the policies. It cannot be that the policies should be so construed that they will cover a hack once put into the stable and then taken out, wherever it may be. The language of the contract is not apt to embrace such a risk. The risk might thus be increased two fold or three fold, and still if the contract must be construed as covering it, it is not a forfeiture of the policy for an increase of the risk. It is simply the risk contemplated by the parties. *Fitchburg R. R. Co.* v. *Charleston M. F. Ins. Co.* 7 Gray, p. 66.

The view we take of the first four policies makes it unnecessary to consider whether the terms of the fifth policy should receive a construction more strongly against the plaintiff. They are certainly no more favorable to him.

The actions are not sustained.

*Judgment for the defendants in each action.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.