# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## NIAGARA FIRE INSURANCE CO. v. ELLIOTT AND AL.

### April 4th, 1889.

INSURANCE—*Policy—Construction.*—Policy on vehicles and harness, plaintiff's own or sold, until removed, "*contained in*" a building occupied as livery and sales stables. Those destroyed were, at time of fire, at repair shop several hundred yards off;

HELD:

> The words "contained in" designate the usual place of deposit of the vehicles when not in use, or being repaired, and cover the destroyed property.

Error to judgment of circuit court of Lynchburg, rendered November 19th, 1887, against the defendant, the plaintiff in error here, in an action on a policy of insurance, wherein J. A. Elliott and W. T. Doss, partners as Elliott & Doss, were plaintiffs, and the Niagara Fire Insurance Co. was defendant. Opinion states the case.

*R. G. H. Kean,* for the plaintiff in error.

*Kirkpatrick & Blackford,* and *W. M. Lile,* for the defendant in error.

HINTON, J., delivered the opinion of the court.

This is an action upon a policy of insurance to recover of the defendant company their *pro rata* share of the loss upon three vehicles which were destroyed by fire, in the city of Lynchburg,

on the 27th day of February, 1887 ; the residue being claimed
of the Fire Association of Philadelphia, a company in which the
plaintiffs also held a policy.   At the time of the fire these vehicles
were not in the livery and sales stable where they were kept, ex-
cept when in use, but were several hundred yards off, at a
carriage repair-shop, whither they had been sent for repairs.
The language of the policy is that the said company, in consid-
eration of the premium, " does insure Elliott & Doss to the
amount of fifteen hundred dollars, on carriages, buggies, hacks,
and harness, their own or sold, until removed, contained in the
framed metal building and framed addition thereto, No. 916
Lynch street, Lynchburg, Va., occupied as a livery and sales
stable."   Under this state of facts, the general, and indeed the
only question presented for decision is whether the property
destroyed was covered by the policy at the time of the burning.
It is not denied that this property came within the protection of
the policy as often as it was returned to the stable, but it is
argued that it was the purpose of the company to indemnify the
insured for any loss by fire in that building, and not elsewhere.
Now, is this so ?   No rule is better settled than that contracts of
this character must receive a fair and reasonable interpretation.
To use the language of Nelson, C. J., in *Turley* v. *Insurance
Co.,* 25 Wend. 374, " its intent and substance, as derived from
the language used, should be regarded."   But, says he : " There
is no more reason for claiming a strict literal compliance with
its terms than in ordinary contracts.   Full legal effect should
always be given to it, for the purpose of guarding the company
against fraud or imposition.   Beyond this, we would be sacri-
ficing substance to form—following words rather than ideas."

Now, bearing in mind the observations of Lord Mansfield in
*Pelly* v. *Royal Exchange Assurance,* 1 Burrows, 341, that the in-
surer, in estimating the price at which he is willing to indemnify
the insured, must have under his consideration the nature of the
business, and the usual course and manner of conducting it ; and
everything done in the usual course must have been foreseen and

in contemplation at the time he engaged, and that he takes the risk upon the supposition that what is usual or necessary will be done. Should the words " contained in," upon which the plaintiff in error rests its contention, be construed to restrict the liability of the company to the use of the property at the place specified, or should those words, when used with respect to property of the kind destroyed, be construed as merely designating the accustomed place of deposit of the property when not in use or being used for some purpose incidental to its use? Where merchandise kept in stock, or carriages kept in a carriage-maker's establishment for sale, are insured, there is nothing in the nature of the property to indicate that it will be removed before it is sold, and hence the insurer may be supposed to have underwritten the policy upon the idea that the property would be entitled to whatever protection the character of the building and its situation might afford, and that it should be exempt from the risks incident to temporary removals, or to the use of the property at other than the specified place of location. But where the property is of such a kind that it must be kept in constant use, and therefore of necessity be often in need of repairs, no room for such an inference can exist; and in such a case we are constrained by every principle applicable to the construction of contracts of this kind to hold that the words " contained in " were used to designate the usual place of deposit for the property when not in use, or while being prepared for use. As was said by Adams, J., in *McCluer* v. *Insurance Co., infra,* the words " contained in " are in cases of this kind synonymous with the word " kept," and yet it would hardly be maintained that a plaintiff who had signed an application, in which he had said that he kept his carriage in his barn, would be deprived of the benefits of the policy merely because at the moment he obtained the policy it was standing at the door of the insurer's office, and was there consumed by fire. To the same effect is the great current of authority. *McCluer* v. *Insurance Co.,* 43 Iowa, 349; *Peterson* v. *Insurance Co.,* 24 Iowa, 494; *Noyes* v. *Insurance Co.,* 64 Wis. 415 (25 N. W. Rep.),

419; *Longueville* v. *Assurance Co.*, 51 Iowa, 553 (2 N. W. Rep.), 394; *Railroad Co.* v. *Insurance Co.*, 7 Gray, 64; *Holbrook* v. *Insurance Co.*, 25 Minn. 229; *Mills* v. *Insurance Co.*, 37 Iowa, 400; *Lyons* v. *Insurance Co.*, 14 R. I. 109; and 1 Wood, Ins., 115, *et seq.* There is no error in the judgment complained of, and it must be affirmed.

JUDGMENT AFFIRMED.