SUN INSURANCE OFFICE OF LONDON, PLAINTIFF IN ERROR, v. HENRY MERZ, DEFENDANT IN ERROR.

Argued December 4 and 5, 1899—Decided March 5, 1900.

A policy of insurance, in and by which the parties thereto agree for insurance against fire upon property in which the party to whom the policy is issued has no insurable interest at the time of making the contract, is not on that account void. It is sufficient to support the policy that an insurable interest subsists during the risk, and at the time of the loss.

On error to the Supreme Court.

For the plaintiff in error, *Edward A. Day* and *Charles L. Corbin.*

For the defendant in error, *Colie & Swayze.*

The opinion of the court was delivered by

GUMMERE, J.  This is an action brought by the plaintiff in error against Merz to recover upon a policy of insurance, by the terms of which Merz and twenty-four other persons and firms who had formed an organization known as a Fire Lloyds (under the act of March 25th, 1895, (*Gen. Stat., p.* 1784), agreed, for a consideration of $3,000, to re-insure the plaintiff in error for the term of time from the 30th day of September, 1897, at midnight, to the 31st day of December, 1897, at midnight, against all direct loss or damage by fire, to an amount not exceeding in the aggregate the sum of

$25,000, nor exceeding the interest of the assured in said property, "to the following described property, to wit, re-insurance of the Sun Insurance Office of London, being a re-insurance of the liability of the Sun Insurance Office for claims for loss and damage by fire or lightning occurring in the months of October, November and December, 1897, destroying and damaging property located anywhere in the United States and territories; said property must be damaged or destroyed by fire between midnight of September 30th, 1897, and midnight of December 31st, 1897."

The questions considered and determined by the Supreme Court, and now presented here for review are, first, whether what is known as the Fire Lloyds statute of March 25th, 1895, as amended by the act of March 26th, 1896 (*Pamph. L., p.* 156), prohibits the making of a contract of re-insurance; and second, whether the contract now before us is void as being a wagering policy.

The conclusion reached by the Supreme Court upon the first question submitted was that policies of re-insurance were not prohibited by the legislation referred to; that this legislation confers upon Lloyds associations, such as the organization which the defendant represents, authority to insure against loss or damage occurring by fire or lightning in favor not only of the owners of property but also in favor of all those having an insurable interest therein, and that an insurer of property acquires by his contract an insurable interest therein which he may protect by a contract indemnifying him against loss in whole or in part.

We concur in the construction put by the Supreme Court upon this legislation, and in the conclusion that it does not prohibit the making of contracts by insurers indemnifying them against loss upon policies which they have issued.

The Supreme Court further concluded that the contract sued on was wholly void, because it stipulated for indemnity against losses upon property in some portion of which the plaintiff then had no insurable interest. The ground upon which this conclusion is rested is that where an insurable in-

terest does not exist, at the time of making the contract of indemnity, such contract is a wagering one, and therefore void as against public policy.

This was formerly considered to be the rule with relation to fire policies, and was so declared both by text-writers and in decided cases, although a contrary view was always taken in construing life and marine insurance policies. Why any such variance in construction existed, it is difficult to understand, for, certainly, if a contract to insure after-acquired property against fire is a wagering contract and therefore void, because against public policy, a contract to insure such property against marine risks, or a contract to insure the life of a person in favor of one who at the time of the taking out of the policy has no interest therein, are equally wagering contracts, and if such contracts are prohibited by public policy, should equally be considered void.

But, although the earlier cases on fire insurance laid down the rule enunciated by the Supreme Court, experience has taught that the necessities of business and the adequate protection of property require the same methods of insurance against loss by fire as have always existed with relation to losses by the perils of the seas, and reflection has led to the conclusion that contracts of insurance upon property in which the insured has no interest at the time of the issuing of the policy are not wagers if he acquires an interest during the life of the policy and retains it at the time when the loss occurs.

As a result of the application of this later, and, as it seems to us, better-judged doctrine, it has been held that a policy issued to a merchant drawn, by the intention of the parties to it, to cover goods which should be acquired by the insured from time to time during the continuance of the policy, is a valid contract (*Lane* v. *Maine Mutual Fire Insurance Co.*, 3 *Fairf.* 44); that a policy issued to a farmer, covering not only the live stock then owned by him but that to be subsequently acquired during the term of the policy, or one issued to him upon crops not yet planted but which the parties ex-

pected would be grown before the expiration of the policy, is legally unobjectionable (*Mills* v. *Farmers' Insurance Co.,* 37 *Iowa* 400; *Sawyer* v. *Dodge County Insurance Co.,* 37 *Wis.* 503); that insurance upon the constantly-changing contents of an oil-tank is not prohibited by any rule of public policy and entitles the insured to recover the value of the oil which happens to be in the tank at the time when the fire occurred which destroys it (*W. & A. Pipe Lines* v. *Home Insurance Co.,* 145 *Pa. St.* 346).

Other cases in which the same view is taken of the effect to be given to policies of fire insurance which, by the agreement of the parties, are drawn to cover property which, it is anticipated, the insured will acquire before the time limited therein has expired are *Wood* v. *Rutland Insurance Co.,* 31 *Vt.* 552; *Hooper* v. *Hudson River Fire Insurance Co.,* 17 *N. Y.* 424; *Hoffman* v. *Ætna Insurance Co.,* 32 *Id.* 405; *Wolfe* v. *Security Fire Insurance Co.,* 39 *Id.* 49; *Lee* v. *Howard Fire Insurance Co.,* 11 *Cush.* 324.

Up to the present time the question has not received consideration at the hands of this court. An examination of the reasons upon which the earlier rule rests has led us to the conclusion that they are not well founded, and that a contract by which the parties provide for indemnity against loss by fire upon property to be subsequently acquired by the party indemnified is not in any sense a gaming contract and void on that account; in other words, that an insurable interest subsisting during the risk and at the time of the loss is sufficient to support a policy insuring against loss by fire.

The judgment of the Supreme Court should be reversed.

*For affirmance*—None.

*For reversal*—DEPUE, VAN SYCKEL, DIXON, GUMMERE, LUDLOW, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH.    10.