McCluer v. The Girard Fire & Marine Ins. Co.

43   349
d94   479

1. **Insurance:** DESCRIPTION OF PROPERTY: WARRANTY. Where a policy of insurance covered a phaeton described as '' contained in a frame barn,'' and the phaeton was destroyed by fire while at a carriage shop undergoing repairs: *Held,*

    1. That the words describing the location of the phaeton constituted a warranty that it would be '' contained in a barn '' when not absent therefrom for temporary purposes incident to the use and enjoyment of the property.

    2. That any increase of risk incident to the making of reasonable and necessary repairs is a part of the general risk assumed by the insurers, and will not avoid the policy.

### *Appeal from Dubuque Circuit Court.*

### Friday, June 9.

This is an action on a policy of fire insurance. The property insured was a phaeton, and was destroyed by fire while in a carriage shop, having been left there for repairs. It was insured in connection with a horse, harness and buggy, and all described as "contained in a frame barn situated on the northeast corner of Alley and Eleventh streets, Dubuque, Iowa." Judgment for plaintiff. Defendant appeals.

*Dewitt C. Cram,* for appellant.

The risk was restricted to such times as the property insured should be at the place mentioned in the policy. (*Annapolis R. Co. v. Baltimore Ins. Co.,* 32 Md., 37; *Ins. Co. v. Throop,* 22 Mich., 146; *Liebenstien v. Ætna Ins. Co.,* 45 Ill., 303; *Elnaker v. Franklin Ins. Co.,* 5 Pa. St., 183.) Defendant's liability for the property, when away from the premises named, should be limited to such times as it is being used by the assured in the ordinary course of business. (*Mills v. Farmers' Ins. Co.,* 37 Iowa, 400.)

*Fouke & Lyon,* for appellee.

The liability of the company was not restricted to the use

of the property at the place specified, but extended to the
ordinary use of it, when temporarily away from the location
mentioned in the policy. (*Peterson v. Miss. Valley Ins. Co.,*
24 Iowa, 497; *Mills v. Farmer's Ins. Co.,* 37 Id., 400.) When
there is any doubt in the condition restricting the liability of
the company, the construction should be adopted most benefi-
cial to the promisee. (*Hoffman v. Ins. Co.,* 32 N. Y., 405.)
The finding of the court having the same force as the verdict
of a jury, it will not be disturbed if there is any evidence to
support it. (*Savery v. Sypher,* 39 Iowa, 675.)

ADAMS, J. — It is claimed by the defendant that it is not
liable because the phaeton at the time of the loss was not
contained in the frame barn, but had been removed to a car-
riage shop for repairs, and because the risk had been in-
creased.

It is true that any statement or description on the face of
the policy which relates to the risk is a warranty. *Wood v.
The Hartford Fire Ins. Co.,* 13 Conn., 544. And where
goods are described as being in a building occupied in a cer-
tain way, the words describing the occupancy must be regarded
as employed to express a fact relating to the risk. *Wall v.
The East River Mu. Ins. Co.,* 3 Selden, 370.

Representations in regard to circumstances affecting the
risk amount to a stipulation that no change will take place
whereby the risk will be increased. *Houghton et al. v. The
Manufacturers' Fire Ins. Co.,* 8 Met., 114.

Where, therefore, as appellant claims, the place in which
the insured property is situated is made a part of the de-
scription for the purpose of defining the risk, and a removal
takes place not contemplated by the policy, the property is
no longer covered by the policy. This doctrine is distinctly
held in *Boynton v. Clinton and Essex Mu. Ins. Co.,* 16
Barb., 254, and *Annapolis and Elk Ridge R. R. Co. v.
Baltimore Fire Ins. Co.,* 32 Md., 37. In the former case
goods were insured as "in the store part" of the building,
which was on the lower floor, but were at the time of the loss
in an office room in the second story. It was held that no
recovery could be had. In the latter case the policy was upon

certain railroad buildings, including car houses and upon cars, "contained in car house No. 1," among which were specified two Murphy and Allison passenger cars. One of them, while in use on the line of the road, was destroyed by fire. It was held that no recovery could be had because at the time of the loss it was not in the car house.

It is claimed by appellant that these cases are in point, and decisive of the case at bar. It may be conceded that the situation of the property is mentioned in the policy as a fact affecting the risk. The words describing the situation must then be regarded as a warranty not only that the property was contained in the barn, but would continue so; and if, at the time of the loss, the carriage was not contained in the barn within the meaning of the policy, we do not see how the plaintiff can recover. This leads us to consider what is meant by the words "contained in a barn," when used in a policy of insurance and applied to a carriage. Suppose at the time the policy was signed and delivered the carriage was standing in the street in front of the defendant's insurance office, where possibly it was; would it be competent now to show such fact to defeat the policy? We think not. The words "contained in a barn" were not used to describe its situation at that moment. That was not the material fact in regard to which the company desired a stipulation. The material fact was that the carriage when not in use was kept in the barn, described as its ordinary place of deposit.

If the plaintiff signed an application, and was asked where he kept the carriage, his answer was, if he made a true one, that he kept it in the barn described, notwithstanding it might at that moment have been in use and not in the barn.

In one sense it would not have been true that he at that moment kept it in the barn, but it would have been true within the meaning of the inquiry. If the word *kept* had been used in the policy instead of the word *contained*, we think the meaning would have been the same.

The words which are used must be construed with reference to the property to which they are applied. Carriages which are kept for sale and are insured as contained in a certain

warehouse could not be removed to a different warehouse without avoiding the policy. There is nothing in the nature of the property to indicate that they will be removed, and the insurance is not made with reference to such fact. But where a person procures a policy upon his horse, harness, buggy and phaeton, as contained in a certain barn, the presumption must be that they are in use, and that the policy is issued with reference to such use. This doctrine was held substantially not only by this court in *Peterson v. Miss. Valley Ins. Co.*, 24 Iowa, 494, but in Massachusetts in *Fitchburg R. R. Co. v. Charlestown Mu. Fire Ins. Co.*, 7 Gray, 64.

It is claimed, however, that the case of *Annapolis and Elkridge R. R. Co. v. Baltimore Fire Ins. Co.*, above cited, holds a different doctrine. In that case a car was insured as in a car house and was when destroyed out on the road and a right to recover was denied.

The decision in this case was put upon a peculiar ground. *It appeared that the car house could not contain all the cars described in the policy.* Again, the policy was upon the car house as well as the cars, and the car house being in a city, it and the cars in it were more exposed than cars on the road. It was thought, therefore, considering the fact of the greater danger, and also the fact that the car house would not hold all the cars mentioned in the policy, that the intention of the railroad company was to insure the car house and its contents *as contents.* GRASON, J., said: "While some of the cars which were insured were in use, others were not; but each car in its turn took its place in the car house, and while actually contained therein was covered by the policy, so that by the terms of the contract the appellee (the insurance company) would have been liable for all damages by fire to any of the insured cars which might have occurred while they were actually in the car house."

In the case at bar there is nothing to indicate that it was the intention to insure the contents of the barn as such. Each policy must be construed according to the intention of the parties as manifested by all its terms. We are of the opinion, therefore, that while the words "contained in a barn,"

describing it, are words relating to the risk and constitute a warranty that the carriage would continue to be contained in the barn, they mean only that the barn described was their place of deposit when not absent therefrom for temporary purposes incident to the ordinary uses and enjoyment of the property.

The appellant sets up as an additional ground of defense that the risk was increased by the removal of the carriage to the carriage shop. We might indeed concede that the carriage shop was not as safe a place as the barn, although the evidence upon this point does not clearly show whether it was or not.

In *Billings v. Tolland Ins. Co.*, 20 Conn., 139, the risk was increased by the introduction into the building of an oil barrel and some mixed paints. It was held that a single act which did not belong to the ordinary use of the building would not prevent a recovery. The same doctrine was held in *Shaw v. Roberts*, 6 Ad. & Ellis, 75, and *Leggett v. Ætna Ins. Co.*, 10 Richardson, 202.

In *Townsend v. Northwestern Ins. Co.*, 18 N. Y., 168, it was held that any increase of risk, incident to the making of reasonable and necessary repairs, is a part of the general risk assumed by the insurers and will not avoid the policy. Where a carriage is to be repaired its removal to a carriage shop is incident to the repairs, and if the carriage is allowed to remain there only a reasonable length of time, we think the risk such only as was contemplated by the insurer and paid for by the insured.

AFFIRMED.