## LONGUEVILLE v. THE WESTERN ASSURANCE CO.

1. **Insurance: WEARING APPAREL.** A policy of insurance covering wearing apparel subjects the company to liability upon the property if, in the course of its ordinary use, it be destroyed elsewhere than on the premises described in the policy.

*Appeal from Dubuque Circuit Court.*

WEDNESDAY, SEPTEMBER 17.

ACTION upon a policy of insurance. A demurrer to the petition was overruled. From this decision defendant appeals.

*Shiras, Van Duzee & Henderson,* for appellant.

*J. C. Longueville, pro se.*

BECK, CH. J.—The policy sued upon insures plaintiff against loss "on his household furniture, useful and ornamental, including sewing machine, provisions and family wearing apparel, all contained in two-story frame dwelling on lot 6, Newbury's subdivision, Dubuque, Iowa." The petition alleges damage by fire to one overcoat, one dress-coat, one vest and one shirt, being of the family wearing apparel insured, and avers that "said fire occurred without any fault or negligence, and without any connivance or collusion on the part of plaintiff, but was purely accidental, while he was riding in a sleigh on South Dodge street, in the city of Dubuque, and not being on the premises described in the policy, and while he was wearing said clothes on his person in the usual and ordinary way." A demurrer to the petition,

*1. INSURANCE: wearing apparel.*

on the ground that the policy covered the property mentioned only while it was upon the premises described, was overruled. The only question presented in the case involves the correctness of the court's ruling upon the demurrer.

The case, we think, comes within the rule of *McCluer v. The Girard Fire & Marine Insurance Company*, 43 Iowa, 349. The words "contained in the two-story frame dwelling," etc., are words of description of the property insured, indicating the place of deposit when not in ordinary use. The character of the property insured must be considered in determining the true construction of the policy. The household furniture is used only in the dwelling. It is proper to infer that the parties to the contract intended the risk should attach to it only when in the building specified. But wearing apparel, when used, must of necessity be worn sometimes away from the dwelling. We must infer that the parties to the contract intended the apparel to be used, and hence intended it to be used sometimes away from the dwelling. Of course the use of the apparel away from the dwelling must be an ordinary use, and the dwelling must be the place of deposit for the apparel when not in use. The policy, therefore, does not contemplate that the insured may take a journey or sleep away from his dwelling; thus, when the apparel is not worn, keeping it in a place of deposit other than his own dwelling.

It will be observed that the language of the policy does not convey the idea that the apparel is to be kept in the dwelling. There can be no inference of a prohibition of ordinary use elsewhere.

Counsel for defendant advance the thought that the words household furniture, used in the policy, are intended to cover the other articles of property, family wearing apparel and provisions; that is, family wearing apparel is included in the general term, "household furniture." They argue that, as the household furniture was covered by the policy only while in the dwelling, its component, wearing apparel, is subject to the same rule. The fault with the argument is that

it does violence to the language and structure of the contract. Wearing apparel cannot be considered as a part of the house-hold furniture; the words are never so understood. The language of the policy is of common use, and must be understood in its common acceptation.

In our opinion the court below correctly overruled the demurrer.

AFFIRMED.