Moore, J.
The plaintiff, Charlotte N. Vorhis, filed her petition in the Court of Common Pleas of Allen county upon a policy of insurance issued to her by the Phoenix Fire Insurance Company, to recover the sum of $100, being the amount of insurance upon a buggy, which was included in said policy of insurance with other personal property named therein. The buggy was described in said policy in these words: “ $100 on her buggy, situate in a frame shed on Walnut alley, between North and High streets, in Lima, Ohio.” The petition contained other necessary avernfents of proof of loss, etc.
The insurance company filed its answer, setting forth the fact, that without its knowledge or permission the plaintiff had removed said buggy from the place designated in said policy of insurance, to another and different place of storage, when not in use; to-wit, to the livery stable of one Robert Hume; and that said buggy was burned in said stable, and not at the place where it was insured; and for that reason it denied its liability for said loss. No other defense was made.
_The plaintiff, by her reply, admitted that the buggy had been removed to Hume’s livery stable, and that it was therein burned; but she averred that the insurance company had been notified of the removal of the buggy to the livery stable, and had assented thereto.
The cause was submitted to a jury, and under the charge of the court, a verdict was returned for the plaintiff for the amount of the insurance.
*327 The defendant filed its motion to set aside the verdict' and for a new trial, for the following reasons to-wit: First, that the verdict was not warranted by the testimony.
Second, that the court erred in its instruction to.the jury.
This motion the court of common pleas overruled, and entered judgment on the verdict.
The Phoenix Insurance Company filed its petition in error against the plaintiff below, Charlotte N. Vorhis, in this court, and asks the reversal of the judgment of the court of common pleas, on the ground of the refusal by that court to set aside the verdict of the jury and grant a new trial for the reasons set forth in the company’s motion filed for the purpose.
The testimony and charge of the court are before this court in the bill of exceptions.
The testimony establishes the following facts, to-wit:
That Ambrose Vorhis, acting as the agent of the plaintiff, his wife, some two months before the fire called at the office of Melhorn,^the agent of the insurance company, and said to the agent that his wife intended to remove her property. Mr. Melhorn told Mr. Vorhis, that in order to keep the insurance valid it must be transferred upon the policy. Nothing was said by either party about the buggy, the word property alone being used. Mr. Vorhis did not state to Melhorn where his wife intended to remove the property to. This was all the notice or knowledge ’the company had concerning the intended removal, and it did not in fact know that the property, or any part of it, had been removed, or where it was removed to until after the fire which consumed the buggy. Within a few days of the conversation bet ween Vorhis and Melhorn, Mrs. Vorhis removed the buggy to the livery stable of Robert Hume, where it was afterward burned. After the fire, Mr. Melhorn, the agent for the insurance company, was notified for the first time that the buggy had been removed, and of the place to w.hich it had been so removed.
Mr. Vorhis further testified, that after the buggy was removed he went to the office of Mr. Melhorn, the company’s agent, to have the transfer made on the policy; but Mr. Melhorn was not in, and he did not see Mr. Melhorn until after the loss. This is not contradicted by the testimony.
*328 The liability of the defendant below upon these facts is the only question before the court for its determination, every other essential fact necessary to a recovery being admitted. No change in the terms of the contract other than the change in the place of the storage was asked for, or claimed to have been assented to, nor any other change made by the assured which could affect the liability of the insurer.
There is no claim made on the part of the assured that the insurer had any knowledge as to the place to which the buggy was to be removed for storage, and no knowledge that it in fact had been removed. All that can be claimed by any fair construction of the evidence is, that while the assured said to the insurer that she intended to remove her property, and was informed that consent of the company must be entered on the policy to keep the insurance in force, the company was not informed of the tim$* of removal, or the place to which the buggy had been removed ; and had no opportunity to either advance rates, cancel the policy, or assent to the continuanc of the risk upon the terms of the policy.
The description of the place where personal property is insured, is a warranty that it is then in that place, and that it will remain there. This rule is based on sound reason, and is consistent with the rule which controls in the construction of all other contracts; and no reason is apparent why a different rule should be applied to the construction of policies of insurance.
At the time of making the contract by the issuing of the policy by the insurer, and its acceptance by the assured, the location or situation- of the property is considered by the insurer in fixing the rate of insurance; and it is for the risk assumed by the insurer in that place that the assured pays. To hold that when the insurer has assumed the risk of loss by fire in a locality with which it is familiar, for a certain consideration, that the assured may, at his option, place the property in another place where the hazard may be doubled or trebled, without the assent of the insurer, or an opportunity to protect itself by increasing the rate, or cancelling the policy, would be to permit the assured to impose upon an insurance company, without its assent, burdens for which it received no *329 consideration, and which could be done under no other class of contracts.
Richie & Richie, for plaintiff in error.
T. E. & W. H. Cunningham, for defendant in error.
The insured should not be held for a loss unless it is fairly within the terms of the policy, and in determining what is within the terms of a policy, the character of the goods insured must be considered; for if it is of such articles as are not required to be removed from the place designated in the policy, in their ordinary and proper use, no recovery can be had if burned while not in the designated place of storage, as such removal would not reasonably have been contemplated by the parties at the time of making the contract. But if a horse, buggy or other article be insured, which in its ordinary and proper use would be taken from the designated place of storage, such removal would necessarily have been taken into account by the insurer and assured when the risk was taken, and for a loss which should occur while temporarily absent from the place of storage, while in use, the company would be held.
These conclusions are supported as well by the light of carefully considered cases, from which we cite Bryce v. Lorillard Ins. Co., 55 N. Y., 240, where goods insured were described as being in section “ C ” in a store, while in fact they were, at the time they were insured, and at the time of loss, in a different section, and it was held that there was a breach of warranty. Folger, J., in his opinion, says : “ Whatever is expressed, whether with perspicuity or obscurity, that is what is warranted.”
In McCluer v. Girard Ins. Co., 43 Iowa, 349, the court say: “Where there was insurance on a phaeton contained in a frame barn, the designation of the place was a warranty that it should be kept in the barn, except when temporarily absent for use.”
We think it clear that under the facts in this case no recovery can be had for the loss, as it was not “ temporarily absent for use.” The verdict was not supported by the evidence, and for refusal to set the verdict aside the judgment of the court of common pleas is reversed, and cause remanded.