## McKeesport Machine Company, Appellant, *v.* The Ben Franklin Insurance Company.

*Insurance—Fire insurance—Location of moveable property—Construction of policy.*

As the object of a contract of insurance is indemnity against loss by fire, if the provisions of the contract are susceptible of two or more interpretations, that one should be adopted that will make the contract effective for the protection of the insured.

An insurance company issuing a policy upon a business plant, or any portion of it, is chargeable with knowledge of the customary methods of conducting the business in which the property insured is used.

The circumstances surrounding the making of the contract and affecting the subject to which it relates form a sort of context that may properly be resorted to for aid in determining the meaning of the words and provisions of the contract.

A manufacturing plant consisted of two buildings, one a foundry and machine shop, the other a pattern shop. The buildings were close together. The nature of the business required the use of the patterns in the foundry and machine shop only. When they were not in use they were kept in the pattern shop for storage. A policy of insurance on the plant described the property as " all situate corner of Fourth avenue and Martin street." The patterns were described in the policy as being in the pattern shop, and in the printed part of the policy there was a statement that the undertaking was to insure the property real and personal described

in it " while located and contained as described herein and not elsewhere."
Some of the patterns which were in use were burnt in a fire which destroyed the machine shop but not the pattern shop. *Held*, the policy covered the patterns while they were in use in the foundry and machine shop.

Argued Oct. 31, 1895.   Appeal No. 166, Oct. T., 1895, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1893, No. 440, for defendant on special verdict.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Assumpsit on a policy of fire insurance.

The written stipulations in the policy were as follows:

On their two-story frame, iron clad, iron roof building, occupied as a pattern shop, $400; on engine, lathe, band saw, benches, pulleys, hangers, gearing and tools therein and on lumber, $450; on patterns therein, $1,000; on their one-story frame, iron clad, iron roof building, occupied as foundry, machine shop and blacksmith shop.   All situate corner of Fourth avenue and Martin street, $800; on boiler and engine therein, $300; on belting, shafting, pulleys, hangers and gearing therein, $600; on large crane and flasks in building and in yard, $450; on lathes, planers, drill press, bolt cutter, fans, office furniture, tools and supplies, work benches and all other machinery and fixtures therein used in their business, $2,000.

The first paragraph of the policy is as follows:

" In consideration of the stipulations herein named and of eleven and 25-100 dollars premium does insure McKeesport Machine Company for the term of one year from the fourth day of August, 1892, at noon, to the fourth day of August, 1893, at noon, against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding seven hundred and fifty dollars, to the following described property while located and contained as described herein, and not elsewhere, to-wit. As per form attached."

The jury found a special verdict as follows:

We find for the plaintiff in the sum of $175.83, of which the sum of $125, with its interest, is the amount of insurance by defendant on patterns, as set out in the policy, i. e., one eighth of $1,000.

We further find that the buildings insured and set out in the.

schedule of the policy constitute one plant, or manufactory, contained in one inclosure and lot $12 \times 140$ feet.   That the pattern shop is 15 to 20 feet from the foundry and machine shop, and that the fire occurred in and was confined to the foundry building, and that no patterns were burned in the pattern shop, but patterns were burned in the foundry building, usually kept in the pattern shop, which were there for use, being removed from the pattern shop to the foundry the evening of the fire for actual use the next day in accordance with the orders and custom in this and other shops in the use of patterns, and that such custom is a reasonable one and necessary in the convenient operation of such a plant, and that the agent of the defendant company examined the shops and patterns and buildings before taking the insurance.   For further certainty we make the policy sued on and annexed to plaintiff's statement a part of this verdict.

If the court be of the opinion that on this statement of facts under the terms and schedule of the policy the defendant's policy covered patterns temporarily out of the pattern shop for use —then judgment to be entered on the verdict for the full amount.

If the court be of the opinion that the policy does not cover the patterns so burned, then judgment to be entered in favor of the plaintiff for $42.08, non obstante veredicto.

The court in an opinion by EWING, P. J., entered judgment for defendant on the special verdict.

*Error assigned* was entry of judgment as above.

*James Fitzsimmons, L. K.* and *S. G. Porter* with him, for appellant.—The terms and conditions to which an insurance is subject must be such as are reasonably applicable to such kind of insurance upon the particular species of property, and such therefore as the parties may be presumed to have had in view when the contract was made : Haws v. Fire Association of Phila., 114 Pa. 431 ; Grandin v. Rochester German Ins. Co., 107 Pa. 26.

Where the insured property is of such a character that its temporary removal or absence from the specified place is necessarily incident to its use and enjoyment, and such use may be

presumed to have been in the contemplation of the parties when they made the contract of insurance, the location of the property is specified in the policy merely to designate the customary place of deposit when the property is not absent therefrom in the course of its ordinary use.  And if the property be burned when, so absent, the insurer is liable for the loss : Noyes v. Northwestern Nat. Ins. Co., 64 Wis. 415 ; Mills v. The Farmers' Insurance Company, 37 Iowa, 400 ; McCluer v. Girard F. & M. Insurance Company, 43 Iowa, 349 ; Longueville v. Western Assurance Company, 51 Iowa, 553 ; Everett v. Continental Insurance Company, 21 Minn. 76 ; Smith v. Mechanics' & Traders' Insurance Company, 32 N. Y. 399 ; Blood v. The Howards Fire Insurance Company, Cushing, 472 ; Hollbrook v. St. Paul F. & M. Ins. Co., 25 Minn. 229 ; London & Lancashire Fire Ins. Co. v. Graves, Ins. L. Jour. 208.

If words in the policy are of doubtful signification that meaning is to be adopted which is most favorable to the assured.

*J. W. Hall, J. H. Harrison* with him, for appellee, cited : · Haws v. St. Paul F. & M. Ins. Co., 130 Pa. 113.

OPINION BY MR. JUSTICE WILLIAMS, January 6, 1896 :

The policy sued on in this case was issued to a manufacturing company and covered the buildings, machinery, fixtures and appliances in daily use in the business of the company.  The rules of construction applicable to such a contract of insurance are well settled.  The object of the contract is indemnity against the loss by fire of the business plant, or any portion of it, while used and occupied by the owners in the manner and for the purposes for which it was designed.  If its provisions are susceptible of two or more interpretations, that one should be adopted that will make the contract effective for the protection of the insured.  In other words the contract should be liberally construed in aid of the indemnity which was in contemplation of the parties who made it.  W. & A. Pipe Lines v. Insurance Co., 145 Pa. 346.  Again, an insurance company issuing a policy upon a business plant, or any portion of it, is chargeable with knowledge of the customary methods of conducting the business in which the property insured is used.  Pipe Line v. Insurance Co., supra.  This rule is not limited to insurance

upon property in use for manufacturing or other business purposes. It was applied in the construction of a policy issued upon a dwelling house in Doud v. Citizens' Insurance Company, 141 Pa. 47, and in Roe v. Dwelling House Insurance Co., 149 Pa. 94. It was applied to a policy of insurance upon a horse in Haws v. Fire Association of Phila., 114 Pa. 431. Still another rule of construction is that the circumstances surrounding the making of the contract and affecting the subject to which it relates form a sort of context that may properly be resorted to for aid in determining the meaning of the words and provisions of the contract: Bole, Assignee, v. New Hampshire Fire Insurance Company, 159 Pa. 53; Graybill v. The Penn Township Mutual Fire Insurance Co., 170 Pa. 75. An application of these rules to the policy before us will dispose of this appeal. The plaintiff was a manufacturing company engaged in the foundry and machine business. Its plant consisted of two buildings very near to each other, and the machinery, fixtures and appliances used in their business. One building was called the "pattern shop" and seems to have been mainly used for making patterns and storing them when not in use. The other was called the "foundry and machine shop" in which the casting was done and such further work as was necessary to fit the castings for the uses intended. The nature of the business required the company to use its patterns in the foundry and machine shop only, and when not in use they were kept in the pattern shop as a convenient place for storage. The policy covers the entire plant, viz, both buildings and their contents. The fire affected only the foundry and machine shop and what was within it at the time the fire took place, but this included certain patterns then in actual use in the ordinary course of the plaintiff's business, but which were described in the policy as in the pattern shop where they were kept when not in use. As the pattern shop was not involved in the fire the insurance company denies its liability for the loss of the patterns because they are described in the policy as in that building, and because in the printed part of the policy the undertaking of the insurer is stated as an undertaking to insure the property real and personal described in it "while located and contained as described herein and not elsewhere." The location of all the property insured is stated in the policy in these words. "All situate

corner of Fourth avenue and Martin street." This was the location of the business plant at the time of the fire, and all the machinery, fixtures, tools and appliances were in their proper places as part of the plant and in actual use as such, when the fire occurred. We have no doubt that they were protected by the policy while so located and used, and the well settled rules of construction to which we have referred require us so to hold. In Graybill for use v. The Penn Township Mutual Fire Insurance Company, supra, substantially the same question was presented.

The insured was engaged in business as a butcher and dealing in both fresh and smoked meats. The policy covered the butcher shop and contents, and the smoke house and contents. The butcher shop was consumed by fire and the smoke house was not. The contest was over the liability of the insurance company for the smoked meats that had been taken from the smoke house and stored in a room used for that purpose in one corner of the butcher shop. We held that the policy was to be construed in the light afforded by the customary modes of conducting the business and the facts as they were communicated to the agent of the company by whom the insurance was effected at the time the parties were in negotiation. The jury found that the words "contents of the smoke house," as understood by the parties, included the smoked meats in store as well as those undergoing the process of smoking. So in this case; if this insurance was upon a going mill or factory in which the tools, machinery and patterns were in regular and continuous use for the purposes of the business of the owners, the contract of insurance must be construed in the light of that fact, liberally, in aid of the insured. It was not an insurance upon goods in store, in terms, and unless it becomes so in the light of the facts appearing in the evidence, there is no legal reason that we can see why the plaintiff should be held to be concluded by words that could not have been intended to apply to a business in actual progress, and that ought not to be so construed even if the insurer intended thereby to escape from the obligation assumed by the policy. It would enable an insurer after receiving the money of the manufacturer for an insurance upon his business appliances, to say to him in effect, "Close your factory or forfeit the money you have paid.

us. To secure the benefit of your policy, you must leave everything unmoved." Nothing short of a stipulation of this sort incorporated into the policy in words capable of no other construction could induce us to aid in the perpetration of such injustice.

The judgment is reversed and it is now decreed that judgment be entered in favor of the plaintiff on the special verdict.

MITCHELL, J., dissents.