Lathers, Respondent, vs. Mutual Fire Insurance Company of the Town of La Prairie and Adjoining Towns, Appellant.

*April 7—April 17, 1908.*

*Fire insurance: Construction: Personal property: Location: Temporary removal.*

1. Defendant insured against loss by fire or lightning plaintiff's barn, "live stock therein, on the farm and from lightning at large." At the time the policy was issued, plaintiff, as defendant knew, kept on his farm a large number of horses, including

the one whose loss was sued for. At the time of the fire by which the horse was destroyed it was temporarily at another farm, in which defendant had no interest, seven miles away, being broken. It was a well-established custom to place young horses, such as plaintiff's, out to be broken. *Held*, that the risk extended to the horse temporarily away from the farm, as. the words of location in the policy were descriptive merely and not restrictive on the specified causes of loss.

2. Where language in a policy of insurance against loss by fire has reference to personal property which in the ordinary course of things is not kept constantly in one particular location and which would be rendered substantially useless in a permanent place, it should be construed as descriptive merely of the general location of the property and not as restricting the loss from specified causes, so long as the property remained in the usual or customary location.

3. Where parties to a contract use language the construction of which is well settled by law, they will be presumed to have used it understandingly in the sense established by judicial construction.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

Action to recover on an insurance policy.

The issues were tried by the court without a jury and, omitting formal matters, were thus in substance closed as to facts: September 15, 1904, defendant duly made and delivered to plaintiff an insurance policy covering the risk of loss by fire or lightning of the former's live stock, including a horse, the value of which it is sought to recover. The language of the policy as to the location of the live stock was in these words:

"Live stock therein, on the farm and from lightning at large . . . all situated in the town of Turtle, county of Rock and state of Wisconsin on section 16."

The horse was plaintiff's property from and before the time the insurance policy was issued till it was destroyed by fire and did not become incumbered after the application for insurance. He complied with all conditions of the insurance contract and it was in force at the time of the loss. When

the insurance was applied for and the policy was issued the horse was on plaintiff's farm in said section 16. June 20, 1906, the horse was destroyed by fire. At the time thereof it was on a farm some seven miles from plaintiff's farm. The fire did not occur from any of the risks excepted from those insured against. The horse was temporarily placed at the farm where it was destroyed to be broken, as was customary. At the time the policy was issued plaintiff was the owner of a large number of horses which he kept at his farm. That fact was well known to the president of the insurance company. In the section of the country where such farm was located, defendant transacted business, and its officers resided there was a well-established custom of placing young horses out to be broken. The horse was so placed for about three months, which was a reasonable time to accomplish the object thereof. Plaintiff had no interest in the farm where the horse was destroyed. The value of the horse at the time of the fire was $75. The loss was also insured against by another insurance company, the defendant having due notice thereof and consenting thereto. By reason thereof defendant is liable for one half the value of the horse. Due notice of the loss, in compliance with the conditions of the policy, was given to the defendant.

The conclusions of law were to this effect: There was no warranty that the live stock should be kept on plaintiff's farm, nor was loss of the same while off the farm absolutely excepted from the risks insured against. The legal effect of the language of the policy is that the usual location of the live stock should be on the farm and that in case of a loss thereof by fire or lightning while temporarily and in the ordinary customary course of things absent therefrom it should be regarded as within the risks insured against. Plaintiff is entitled to recover one half the value of the horse, to wit, $37.50, with interest and costs. Judgment was rendered accordingly. Defendant appealed.

The cause was submitted for the appellant on the brief of *Thos. S. Nolan,* and for the respondent on that of *H. W. Adams.*

Marshall, J.  Under the rules governing the subject, it is the opinion of the court that no legitimate ground exists for disturbing the decision of the trial court in this case on the controverted matters of fact.

There is left to be determined this question of law: In case of insurance of a farm barn and of live stock customarily kept therein when not in use against loss by fire, the live stock being described as "therein, on the farm and from lightning at large," is risk of loss of the stock by fire while, temporarily and according to custom, off the farm, included in the contract, there being no negative thereof expressly or by necessary inference, other than suggested by the words "therein, on the farm," etc. ?  The proposition is ruled in the affirmative, as respondent's counsel contend and the trial court decided, by *Noyes v. N. W. Nat. Ins. Co.* 64 Wis. 415, 25 N. W. 419.

In the case referred to this court, while recognizing the existence of some conflict in the authorities, adopted the doctrine sustained, as it was thought, by the great weight of authority, that such language in a policy of insurance as that under consideration, unrestrained by other language, with reference to personal property which in the ordinary course of things is not kept constantly in a particular location, should be held to have been used as merely descriptive of the subject of the insurance and its customary location, the dominant idea being insurance against risk of loss from specified causes; that such dominant idea should be regarded as having been intended to extend beyond the customary location of the property so as to include the ordinary incidental changes common thereto.  The court referred to many cases involving insurance of live stock on farms and there are many oth-

ers subsequently decided. *Peterson v. Mississippi V. Ins. Co.* 24 Iowa, 494; *Mills v. Farmers' Ins. Co.* 37 Iowa, 400; *McCluer v. Girard F. & M. Ins. Co.* 43 Iowa, 349; *Trade Ins. Co. v. Barracliff,* 45 N. J. Law, 543; *Holbrook v. St. Paul F. & M. Ins. Co.* 25 Minn. 229; *Am. Cent. Ins. Co. v. Haws* (Pa.) 20 W. N. C. 370, 11 Atl. 107; *Haws v. Fire Asso.* 114 Pa. St. 431, 7 Atl. 159.

The rule involved is one of construction. The idea is that the dominant purpose of the insurance being protection against loss from specified causes it could not be effectuated if the language of the policy restricted liability to loss occurring while the subject of the insurance remained in its customary location when not in use, incidental changes, as matter of common knowledge, being necessary to the enjoyment of the property in the ordinary way. So, under familiar rules, the absurd result that would happen in case of a strict construction or of treating the language as descriptive of the particular location of the property at the time of the happening of the loss is avoided by a free and liberal construction, the language being regarded as descriptive only of the subject of the insurance and of the general location thereof. In that way only, it is thought, could the mutual intention of the parties be effected. Obviously, as the fact is, the rule of construction applies only to such kinds of property as in the very nature of things does not and cannot without rendering the same substantially useless have a permanent location, as in a particular building or in a building at all. The rule is particularly applicable to horses because of the fact that use thereof for any purpose is commonly outside of a barn and because, on a farm, even when not in use they are commonly turned out to pasture.

The extent to which the rule under discussion has been carried in some jurisdictions goes much farther than is required for the purposes of this case, and perhaps than could be reasonably sustained. We refer to two illustrations, not

at this time with approval, but to show how broadly the rule has been applied.

In *Am. Cent. Ins. Co. v. Haws, supra,* the language of the policy after the description of the property insured was this: "All contained in his new two-story frame barn, situated," etc. It was held to cover loss of a horse which was killed while at large in a pasture adjoining the barn, notwithstanding this language: "This policy shall be void and of no effect if the property be removed to any other building or location than that described therein."

In *McKeesport M. Co. v. Ben Franklin Ins. Co.* 173 Pa. St. 53, 34 Atl. 16, patterns were insured against loss by fire. They were described as in the pattern shop. The undertaking was to insure the patterns "while located and contained as described herein, and not elsewhere," etc. The property was destroyed by fire while in use temporarily in a building near the pattern shop, which building was part of the manufacturing plant covered by the insurance. The pattern shop was not injured and had the patterns remained located therein the loss thereof would not have occurred. It was held that the policy covered the loss.

The law as above indicated and applicable to this case had been well settled in this state for more than twenty years before the insurance contract before us was made. Hence, if, as an original proposition, there could be any serious doubt as to its proper construction, there cannot be under the circumstances. The parties must be presumed to have, understandingly, used the language they did in the broad sense which the established rule of construction suggests. Had it been desired to escape the effect of such rule, words might readily have been adopted to effect such desire. As the case stands the judgment is right and must be affirmed.

*By the Court.*—Judgment affirmed.