B. E. COTTRELL v. MUNTERVILLE MUTUAL FIRE AND LIGHTNING INSURANCE ASSOCIATION, Appellant.

**Insurance:** LOSS OF LIVE STOCK BY LIGHTNING: SUFFICIENCY OF EVIDENCE. This is an action to recover insurance on a horse found dead. Officers of the company investigated the loss. As the evidence was conflicting regarding a dark streak in the flesh of the animal, and as to whether there was lightning in that vicinity at about the time of the loss, these questions were for the jury; and as the dark streak indicated death by lightning the verdict for plaintiff was sustained by the evidence.

**Same:** NOTICE AND PROOF OF LOSS: WAIVER. Where the officers of an insurance company immediately investigate a loss and deny all liability, the right to insist on strict compliance with the terms of the policy exacting preliminary notice and proof of loss is waived.

**Same:** DESCRIPTION OF PROPERTY: LIABILITY FOR LOSS. Where an insurance policy covering live stock merely described the same as located at a certain place, this amounted simply to an identification of the stock by its location and did not limit liability for loss at another place.

*Appeal from Monroe District Court.*—HON. FRANK W. EICHELBERGER, Judge.

WEDNESDAY, FEBRUARY 9, 1910.

THE defendant appeals.—*Affirmed.*

*N. E. Kendall* and *F. C. Huebner,* for appellant.

*D. W. Bates,* for appellee.

LADD, J.—The defendant is a farmer's mutual insurance association, and as such issued to plaintiff a certificate

of membership, stipulating the payment of indemnity in

1. INSURANCE: loss of live stock by lightning: sufficiency of evidence.

event of loss or damage by fire or lightning on his different buildings, their contents, and "on live stock . . . being situated as follows in section 15 Mantua township, Monroe County, Iowa." Included in said live stock was a brood mare nine years old, which had been taken to the farm of one Gray, some eight miles distant, to be bred. She had been in Gray's pasture about ten days, when in the morning of May 12, 1906, she was found dead. Plaintiff notified defendant's officers immediately, and they investigated the loss the next day. In doing so, the skin was removed, but as to whether a dark streak in the flesh extended from near the ear along the neck and down the shoulder to the knee the evidence was in sharp conflict as was also the evidence as to whether there was any lightning in the vicinity on the night of May 11th. These issues were for the jury, and, as the existence of the streak indicated death by lightning, the verdict can not be disturbed as not being sustained by the evidence.

II.   The third by-law of the association provided that, "whenever a member sustains a loss, he or she shall immediately report the same to the secretary, giving a written

2. SAME: notice and proof of loss: waiver.

statement of the cause of the loss. . . . Failing to do so will release the company of any responsibility." Inasmuch as no written statement was furnished the secretary, the association insists it was released from liability. But plaintiff pleaded that, notwithstanding the omission to furnish such statement, the officers of defendant investigated the alleged loss on the day after the animal was found dead and refused payment of indemnity, on the ground that there had been no lightning in that locality, and there was no indication that the death was caused thereby, and that this waived the above requirement. The evidence was sufficient to establish the facts so pleaded, and, this being so,

the denial of liability waived the right to insist on strict compliance with the terms of the certificate exacting preliminary notice and proofs of loss, regardless of the time within which exacted. *Carson v. Insurance Co.,* 62 Iowa, 433; *Boyd v. Insurance Co.,* 70 Iowa, 325; *Harris v. Insurance Co.,* 85 Iowa, 238; *Smith v. Insurance Co.,* 108 Iowa, 382; *Lake v. Insurance Co.,* 110 Iowa, 473.

III.    Appellant urges that, if the animal was killed by lightning, this happened some eight miles from the section of land described in the certificate, and for this reason was not covered thereby. But that instrument merely identified the live stock by its location, and did not restrict the indemnity while on the premises described. The animal had been taken to Gray's farm temporarily with the intention of bringing her back as soon as safely in foal, and, even if the purport of the language of the certificate be that the place mentioned was the usual location of the live stock, this loss was within its terms. *Peterson v. Insurance Co.,* 24 Iowa, 494; *Mills v. Insurance Co.,* 37 Iowa, 400; *McCluer v. Insurance Co.,* 43 Iowa, 349; *Lakens v. Insurance Co.,* 94 Iowa, 476; *Longueville v. Insurance Co.,* 51 Iowa, 553. See *Lathers v. Insurance Co.,* 135 Wis. 431 (116 N. W. 1, 22 L. R. A. (N. S.) 848).

*3. SAME: description of property: liability for loss.*

The construction of the contract as stated is fully vindicated by these authorities. The suggestion that the absence from the premises was not temporary or for a purpose reasonably within the contemplation of the insurer is without merit. The judgment is *affirmed.*