## LESH v. ROCKCREEK. TOWNSHIP FARMERS' MUTUAL INSURANCE COMPANY.

[No. 9,663. Filed October 10, 1918.]

1. PLEADING.—*Exhibits.*—*Variance.*—A fire insurance policy filed as an exhibit to a complaint will control, as to property insured, if there is any variance between its provisions and the allegations of the pleading. p. 304.

2. INSURANCE.—*Fire Insurance.*—*Personalty Continuously in One Place.*—In policies covering personal property that, from its character and ordinary use, is kept continuously in one place, as merchandise, machinery kept in a building, household furniture, or goods stored, the location of the property designated in the policy is an essential element of the risk and usually a continuing warranty. p. 305.

3. INSURANCE.—*Fire Insurance.*—*Location of Property.*—Where property insured is of such character that its temporary removal or absence from the specified place is necessarily incident to its use and enjoyment, the presumption is, unless precluded by the language, that the parties contemplated such use when the policy was executed. p. 305.

4. INSURANCE.—*Fire Insurance.*—*Complaint.*—*Location of Property.*—Where a complaint on a fire policy to recover for the destruction of farming utensils, buggies, harness, etc., failed to allege that the property, when destroyed or at any other time, was in the barn and sheds designated in the policy, or that such buildings were the usual and accustomed places for keeping the property, or that it had been taken therefrom in its ordinary use and moved temporarily to the place where it was destroyed, but on the contrary expressly alleged that it was the plaintiff's custom to keep the property at the place where it was destroyed, the pleading was insufficient as failing to show that the property was covered by the policy. p. 307.

From Wells Circuit Court; *W. H. Eichhorn,* Judge.

Action by Homer A. Lesh against the Rock Creek Township Farmers' Mutual Insurance Company. From a judgment for the defendant, the plaintiff appeals. *Affirmed.*

*A. W. Hamilton,* for appellant.

*Charles E. Sturgis* and *Robert W. Stine,* for appellee.

BATMAN, J.—This action was brought by appellant against appellee to recover a loss under a fire insurance policy. Appellee filed a demurrer to appellant's amended complaint, which was sustained. Appellant refused to plead further, and judgment was rendered against him accordingly. From this judgment appellant appealed and has assigned the action of the court in sustaining appellee's demurrer to his amended complaint as the sole error on which he relies.

The amended complaint alleges in substance, among other things, that appellee is a corporation, organized under the laws of the State of Indiana, and engaged in writing fire insurance on farm property; that on April 9, 1909, appellee issued to him a fire insurance policy, expiring on April 5, 1914; that the consideration for said policy was $43.75, which has been fully paid; that said policy covered his property in Rockcreek township, Wells county, Indiana, in the sum of $3,500; that by its terms appellee agreed to reimburse him for loss or damage by fire or lightning to grain, seed, hay, fodder, farming utensils, buggies, carriages, light harness and robes, in the sum of $400; that on December 5, 1912, he was the owner of the following described property of the value of $800, to wit, one binder, one mower, two-row corn plow, one check rower, one gang plow, 1,400 bushels of oats, three tons of hay, and many other articles; that said property was destroyed by fire on said date, while the policy was in full force; that

said property was described in the policy as being located in the west half of the southwest quarter of section 15, township 27 north, range 11 east, in Wells county, Indiana; that he was the owner of said land, but was also farming the land of his mother across the road from his said farm at the time the policy was issued, and continued to farm the same during the life thereof; that at the time of the issuance of the policy, and ever afterwards until the fire, it was his custom to keep his farming utensils, hay, grain and other personal property, or a part thereof, on his mother's farm, and in the buildings thereon, which facts were known to the officers of appellee when the policy was issued, and during the life thereof; that all of the above-named personal property was destroyed on his mother's farm, where the same was located when the fire occurred; that immediately after the fire he notified the officers of appellee of the loss, who duly visited the premises where the fire occurred, and duly appraised the amount of the loss due him at $400; that after the loss of said property by fire, and after all the facts connected therewith, including its location when destroyed, were fully known to the officers of appellee, he paid the last installment of premium on the policy; that on the —— day of April, 1915, appellee, and a large number of its policyholders and officers, met, after due notice had been given and received, for the transaction of business at the appointed time and place; that a part of the business to be transacted at such meeting was the adjustment of his said loss; that all matters pertaining to his said loss, including the location of his property when destroyed by fire, were fully known to those in attendance; that at said meeting

a motion was duly made and carried that he be reimbursed for his loss in the sum of $400, and said action was entered of record in the minutes thereof. A copy of the policy was filed with the amended complaint and made a part thereof as an exhibit. The portion thereof material to a determination of the question before us being as follows:

"By this policy of insurance, the Rockcreek Township Farmers' Mutual Insurance Association, in consideration of Eight 75-100 dollars to them in hand, paid by the assured hereinafter named, the receipt whereof is hereby acknowledged, and one installment note of thirty-five dollars, do insure H. A. Lesh of Rockcreek Township, Wells County, in the State of Indiana, against loss or damage by fire or lightning to the amount of thirty-five hundred dollars, for the period of five years as follows:  *  *  *

On barn, and sheds adjoining.........$800.00
On grain, seed, hay, fodder, farming
     utensils, buggies, carriages, light harness and robes therein.............$400.00
     *  *  *  Situated on the west one-half of the southwest quarter, section 15, township 27 north, range 11 east, in Wells County, State of Indiana."

Appellee asserts in the memorandum filed with its demurrer that the amended complaint alleges facts which show that the property alleged to have 1. been destroyed by fire was not included in, or covered by, the policy of insurance sued on in this action. We will first consider this contention, for if it be sustained the action of the court in its

ruling on the demurrer was clearly right. In this connection it should be noted that the policy itself provides for a certain amount of insurance on appellant's barn and shed adjoining and for insurance in the sum of $400 "on grain, seed, hay, fodder, farming utensils, buggies, carriages, light harness and robes therein," all situated on a designated tract of land. If there be any variance between these provisions and the allegations of the complaint, the former must control. *Harrison Bldg., etc., Co.* v. *Lackey* (1897), 149 Ind. 10, 48 N. E. 254; *Indiana, etc., Assn.* v. *Plank* (1899), 152 Ind. 197, 52 N. E. 991.

It is evident that the word "therein," as used in the above quotation, refers to appellant's barn and shed located on the designated tract of land, but it does not follow that a recovery cannot be had for a loss by fire of any of the property named unless it occurs while situated in such barn or shed. The greater weight of authority supports the rule that in policies upon personal property which, from its character and ordinary use, is kept continuously in one place, as a stock of merchandise, machinery in a building, household furniture or goods stored, the location of the property designated in the policy is an essential element of the risk and usually a continuing warranty. In such cases the policies cover the goods only so long as they remain in the designated place, and if they are destroyed elsewhere the insurer is not liable for the loss. But where the insured property is of such a character that its temporary removal or absence from the specified place is necessarily incident to its use and enjoyment, such use will be presumed to have

been in the contemplation of the parties when they made the contract of insurance, unless the language thereof precludes such presumption. In such cases the location of the property is specified in the policy merely to designate its accustomed place of deposit when not temporarily absent therefrom in the course of its ordinary use, and, if the property be burned when so absent, the insurer is liable for its loss. *Noyes v. Northwestern, etc., Ins. Co.* (1885), 64 Wis. 415, 25 N. W. 419, 54 Am. Rep. 631; *Kinney v. Insurance Society* (1913), 159 Ia. 490, 141 N. W. 706, Ann. Cas. 1915A 609; *Holbrook v. St. Paul, etc., Ins. Co.* (1878), 25 Minn. 229; *Longueville v. Western Assurance Co.* (1879), 51 Ia. 553, 2 N. W. 394, 33 Am. Rep. 146; *McCluer v. Girard, etc., Ins. Co.* (1876), 43 Ia. 349, 22 Am. Rep. 249; *Reck v. Hatboro, etc., Ins. Co.* (1894), 163 Pa. St. 443, 30 Atl. 205; *Peterson v. Mississippi, etc., Ins. Co.* (1868), 24 Ia. 494, 95 Am. Dec. 748; *Everett v. Continental Ins. Co.* (1874), 21 Minn. 76; *Benton v. Farmers, etc., Ins. Co.* (1894), 102 Mich. 281, 60 N. W. 691, 26 L. R. A. 237, and note; *Lathers v. Mutual, etc., Ins. Co.* (1908), 135 Wis. 431, 116 N. W. 1, 22 L. R. A. (N. S.) 848, and note, 15 Ann. Cas. 659; *Joplin v. National, etc., Ins. Assn.* (1912), 61 Ore. 544, 122 Pac. 897, 44 L. R. A. (N. S.), note on page 574; 14 R. C. L. 955; Vance, Insurance 439 *et seq.* In the instant case the farming utensils, buggies, carriages, light harness and robes mentioned in that part of the policy quoted above are of the latter character, and there is nothing in the contract of insurance to exclude the presumption that the parties contemplated that it should be removed temporarily from such barn or shed in its ordinary use. Under these cir-

cumstances, the fact that any of the property last mentioned covered by the policy in suit was away from the designated barn or shed when it was destroyed, would not necessarily preclude a recovery.

However, appellant has failed to allege facts that bring him within the provisions of the rule stated. There are no allegations in the complaint 4. that the property in question was in the barn or shed at the time the policy was issued or at any time prior or subsequently thereto. It is not alleged that said barn or shed was the usual and accustomed place of keeping the property, or that it had been taken therefrom in its ordinary use and moved temporarily to the farm where it was destroyed, and there are no facts alleged from which such an inference can be properly drawn. The complaint on the other hand expressly alleges that it was appellant's custom to keep such property on the farm and in the buildings where it was destroyed, as the officers of appellee well knew. Under these facts there is a failure to show that the property alleged to have been destroyed was included in or covered by the policy in suit.

Appellant has alleged certain facts in his amended complaint on which he attempts to base a waiver of the restrictive clause in the policy with reference to the location of the personal property covered thereby. Some of these facts, if not all, would be pertinent if it were shown that the policy in suit had covered the property in question and that a breach of warranty was involved, but in a case like this, where the facts alleged fail to show that the property destroyed was covered by the policy sued on, the principle of waiver has no application. *Knights, etc., Ins.*

*Order* v. *Shoaf* (1906), 166 Ind. 367, 77 N. E. 738.

It follows that the court did not err in sustaining the demurrer to appellant's amended complaint. Judgment affirmed.

NOTE.—Reported in 120 N. E. 391. See under (2, 3) 19 Cyc 740, 741.