## UNITED STATES FIRE INS. CO. OF NEW YORK et al. v. ROTHWELL.
### No. 2052.

Court of Civil Appeals of Texas. Beaumont.

May 29, 1931.

Rehearing Denied June 3, 1931.

Beeman Strong and A. D. Moore, both of Beaumont, for appellants.

Robert Lee Guthrie and Thompson, Knight, Baker & Harris, all of Dallas, for appellee.

WALKER, J.

This is an appeal from a judgment of the county court at law of Jefferson county, wherein appellee recovered judgment against appellant United States Fire Insurance Company of New York for $158.75 and against the Franklin Fire Insurance Company of Philadelphia for $146.52, as the value of certain personal property—wearing apparel, bed linen, table linen, towels, etc.—covered by policies of fire insurance duly issued to appellee by appellants, and destroyed by fire on the 24th day of October, 1928, while the policies were in force. The policies of fire insurance stipulated that the personal property so destroyed by fire was located in a two-story, shingle roof, frame building at 888 Calder avenue, in Calder addition, Beaumont, Tex., and the insurance was against all direct loss or damage by fire "while located and contained as described herein." On the 23d of October, 1928, while the policies of fire insurance were in effect, appellee removed the personal property destroyed by fire, as above stated, to a washhouse on the premises described in the policies, for the purpose of having such personal property laundered. This washhouse was situated 38.9 feet north of the building described in the policies and 26.9 feet northeast of a cistern adjoining and attached to the building described in the policies; the washhouse was detached from all other structures on the premises, but was surrounded by a concrete drive, which in turn was attached to the building described in the policies. The personal property sued for herein was washed in the washhouse above mentioned on the said 23d day of October, 1928, and was in the process of being ironed or pressed when night came on. The ironing or pressing not having been completed, this personal property was permitted to remain in said washhouse until the following morning, at which time it was contemplated that the ironing or pressing would be completed and the personal property returned to the residence described in the policies. On the morning of October 24th, at 4 o'clock a. m., fire totally destroyed the personal property sued for herein, as above stated. The washhouse, while not attached to the dwelling, was a part of the improvements situated upon the dwelling house lot and used by appellee as a part of his home improvements.

Appellee stresses the following facts in this case, which he says in his brief are extremely important, and which we adopt as having support in the record:

"1. The personal property, for the loss of which this suit is brought, is made up entirely of wearing apparel, bed linens, table linens, and towels, the very character of which is such that it must be temporarily removed from the house often for the purpose of having same laundered.

"2. The personal property here involved was removed only a few feet from the residence and to a place which was on the premises of the appellee.

"3. The destroyed property was removed only temporarily from the residence, the intention of the appellee to return same to the residence within a few hours being clear.

"4. The destroyed property and the premises upon which it was located at the time of its destruction was at all times under the control of the appellee. At no time was said property placed in the custody of someone other than the appellee.

"5. The destroyed property was removed for the sole purpose of being laundered, a use which was necessarily incident to its enjoyment by appellee."

Upon the trial of the case it was agreed: "The only point at issue between the plaintiff

and defendants herein is whether or not the policies sued upon covered the property in question while contained in such wash-house and there burned, while it was temporarily out of the residence and in the wash-house for the purpose of being laundered, in which wash-house said property was destroyed by fire."

Appellants' pleadings raised the issue of law thus stated by them in their only proposition: "Where insurance companies insured certain household furniture, beds, bedding, linens, wearing apparel of family, etc., all while located and contained in a particular building described in the policies and not elsewhere, and the articles referred to in the policies while in another building were destroyed by fire, the insurance companies are not liable for the loss."

Appellee has replied to this proposition as follows: "When a fire insurance policy is issued to cover personal property such as wearing apparel, bed linens, table linens, etc., the very character of which property is such that the contracting parties must have known and contemplated that in its ordinary use said property would necessarily, and often, be out of the usual place of deposit, a loss caused by destruction of same by fire while temporarily removed from said usual place of deposit, (the reason for such removal being a use that is necessarily incident to the enjoyment of said property) but while still on the premises, and under the control, of the insured, will be construed as covered by said policy."

We believe that appellee's counter proposition correctly states the law of this case. Joyce on Insurance (2d Ed.) vol. 3, p. 2914, states the rule as follows, as directly applicable to these facts:

"In considering the effect upon the risk of a removal, an important consideration is that of the character of the property, and the uses which it must be presumed it was contemplated that the property would in all reasonable probability be subjected to during the period of insurance, and in connection with this fact another point is involved, and that is, whether the removal is permanent or temporary. But the mere fact that the removal is a temporary one, when its character and use does not warrant it, ought not of itself to protect property insured when removed and situate at the time of loss in another place than that specifically designated. In marine risks usage may become another important factor in determining the right to change a designated locality.

"Accordingly, furniture temporarily stored and situate at the time of the loss in a building other than that designated is not covered. But wearing apparel which with other articles is insured as contained in a certain 'dwelling house' and which in the course of its ordinary use and while being worn away from the premises is destroyed or damaged, has been held to be covered by the policy."

26 Corpus Juris, 96, says: "When the property is of such a kind that its ordinary use requires it to be moved from place to place, or it is of necessity in frequent need of repairs, the words 'contained in' or their equivalent will be held to refer merely to the usual place of deposit, and the parties will be presumed to have contemplated that the policy would cover the property while temporarily away from the designated location. * * * While wearing apparel insured as located in a certain building is not protected if permanently removed, such property is covered while in customary use, although temporarily away from the building described as containing it, or at another place for repairs. And where patterns used in a foundry were kept in an adjoining pattern shop when not in use, a policy describing them as in the pattern shop will cover them while in the foundry, notwithstanding the policy contained the restrictive words 'while contained as described herein and not elsewhere.'"

The foregoing propositions have full support in the following authorities: Longueville v. Western Assurance Co., 51 Iowa, 553, 2 N. W. 394, 33 Am. Rep. 146; Noyes v. Northwestern National Ins. Co., 64 Wis. 415, 25 N. W. 419, 54 Am. Rep. 631; Lathers v. Mutual Fire Ins. Co., 135 Wis. 431, 116 N. W. 1, 22 L. R. A. (N. S.) 848, 15 Ann. Cas. 659; American Central Insurance Co. v. Haws (Pa.) 11 A. 107; McKeesport Machine Co. v. Insurance Co., 173 Pa. 53, 34 A. 16.

Appellants earnestly insist that their proposition has support in British American Assur. Co. v. Miller, 91 Tex. 414, 44 S. W. 60, 39 L. R. A. 545, 66 Am. St. Rep. 901; Fireman's Insurance Co. v. Alonzo, 112 Tex. 283, 246 S. W. 82; Taylor v. United States Fidelity & Guaranty Co. (Tex. Com. App.) 283 S. W. 161; Standard Fire Ins. Co. of Hartford, Connecticut, v. Buckingham (Tex. Civ. App.) 211 S. W. 531. We have given these authorities our most careful consideration, but believe they are clearly distinguishable from the facts of this case, in that their facts do not bring them within the statement of appellees' counter proposition. Believing that the case was correctly decided by the lower court, it is our order that the judgment of the lower court be, and the same is hereby, in all things affirmed.

Affirmed.